# Jones v. Matkin.

*Bill in Equity to be allowed to redeem by making Equitable Contribution.*

1. *Redemption by making equitable contribution; equity of bill.*— Where after the execution of a mortgage, the mortgagor conveys to his son and daughter, respectively, by separate deeds, all of his right, title and interest to several and distinct portions of the mortgaged premises, and subsequently the mortgage is foreclosed by a sale under the power contained therein, and from the purchaser at said sale the son redeems all of the lands, refusing to allow the daughter to join with him in such redemption, the son as such redemptor, becomes the equitable assignee of the mortgage, and as such is entitled to contribution from the daughter, before she can have her part of the lands released from under the mortgage; and upon the son's refusal to allow her to contribute, she can file a bill to compel him to allow her to make equitable contribution, and thereby release her lands from any claim he may have as the equitable assignee of the mortgage. (BRICKELL, C. J., and COLEMAN, J., *dissenting*.)

APPEAL from the Chancery Court of Madison. Tried before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Ada S. Jones, against William Blount Matkin, Elizabeth G. Matkin, Percy D. Matkin and J. H. McAnnelly &

C. McAnnelly. The facts as shown by the averments of the bill were as follows:

Mrs. Margaret A. Matkin, who was the owner of the land in question, on the 29th of February, 1888, for the purpose of securing a note that day given by her to Isham G. Fennell for borrowed money, executed to him a mortgage on said lands, with power of sale therein, on default in the payment of the note, after giving the notice prescribed. After this, she desired to divide her lands between her three children, the complainant, Wm. B., and Percy D. Matkin. The complainant and said Wm. B., by an agreement between themselves and the said Percy D., purchased the interest of the latter in said lands, or agreed to pay him $800 for his share in them, in lieu of a conveyance by his mother to him, of a share in the lands, and for them to be the sole grantees of said lands from their mother. Mrs. Matkin accordingly conveyed one-half of said lands to complainant and the other half to her brother, Wm. B., by separate deeds, for the considerations expressed in the deeds —250 acres to each; the deed to complainant bearing date the 5th of September, 1890. There were two deeds to said Wm. B., which were executed to different portions of the land, the one on the 9th of March, and the other on the 9th of August, 1890. The complainant and W. B. Matkin each took possession of their respective shares, and continued in possession thereof as alleged, until the year 1891 or 1892.

In the year 1890 or 1891, said Isham G. Fennell died, and the probate court appointed Henry McDonald as his administrator. As is alleged in the bill, "On the 24th of April, 1893, the said Henry McDonald, as such administrator, under and by virtue of the power of sale in said mortgage, foreclosed the said mortgage and sold said real estate, and at such sale he became the purchaser himself, as the administrator of said Fennell, for the sum of $2,383.50. For the purpose of putting the legal title in himself, as sole administrator, he executed a conveyance to his brother, Archie McDonald, conveying the said real estate to said Archie under the power conferred by said mortgage, and said Archie executed a conveyance thereof to Henry McDonald, as administrator. Soon after the date of said sale, Henry

[Jones v. Matkin.]

McDonald, as administrator of said Isham G. Fennell, took possession of said real estate, and held the same by his tenants and collected the rents upon the same until on or about the 24th October, 1894."

It is further averred in the bill, that the complainant made frequent efforts to get her brother, Wm. B. Matkin, to join her in redeeming said real estate, informing him of her willingness to pay off and discharge her portion of said mortgage debt, according to the terms of their mother's respective conveyances to them; but he declined to confer with her on the subject, and declined to permit her to join in such redemption; that he conspired with his wife, Elizabeth, to deprive complainant of all interest in said real estate, and to that end caused said Henry McDonald, as such administrator, to execute to his, Wm. B.'s, said wife, a conveyance to all of said real estate, including complainant's part; that this conveyance was in consideration of $2,250, which was paid to said Henry McDonald, as administrator, to redeem said real estate from said mortgage sale, and that this sum was the amount remaining due on said mortgage, after crediting it with rents received by said administrator; that Wm. B. Matkin obtained the money from McAnnelly & Brother with which to redeem said lands, and his wife and he executed to them a mortgage on the entire tract of 500 acres, to secure the sum so loaned for this purpose, for which they gave their notes, payable in one, two, three, and four years from date, bearing interest from date—said mortgage having been executed on the 10th November, 1894; that said Wm. B. Matkin concealed from complainant, that he was negotiating to borrow said money for the purpose of redeeming said lands; that after the transaction by which the title to said lands was placed in Elizabeth G. Matkin came to the knowledge of complainant, she offered to pay off and discharge the part of the mortgage debt, which in equity rests on the real estate conveyed by her mother to her, but the said Elizabeth and Wm. B. Matkin refused to permit her to pay off and discharge the same; that complainant's husband, as her agent, offered to J. W. McAnnelly & Brother, to secure by proper mortgage on the part of the land conveyed to her by her mother, the part of the mortgage debt that

is charged thereon, but said McAnnelly & Brother refused to permit any division of said debt and its security; that complainant offered also to pay off and discharge the entire mortgage and afterwards to hold the lands so conveyed to Wm. Blount Matkin by his mother, liable only for that part of the mortgage debt which was charged on it by said conveyance, but the said Wm. B. Matkin declined to allow her to redeem said property or any part of it, or to have any interest in his redemption of it. Complainant alleges, that she is entitled in equity to have it ascertained what part of the said mortgage debt to McAnnelly & Brother is a just and proper charge upon the said real estate conveyed by her mother to Wm. B. Matkin, and that in equity each parcel thereof is first bound by said mortgage for the part thereof which is a first charge on it, and that said McAnnelly & Brother should be required in foreclosing said mortgage to sell said real estate in separate parcels, as conveyed by their mother to complainant and the said Wm. B. Matkin; that complainant should be permitted to pay off and discharge that part of said debt which is a charge on her part of the real estate; and that said McAnnelly & Brother should not be permitted to resort to her part of the said real estate, to pay the remainder of said mortgage debt, unless the lands so conveyed to said Wm. B. Matkin proves insufficient to pay said balance.

Complainant submits her rights to the court to do equity and offers to pay off any part of said debt, or to secure any part thereof, and to do whatever may be required by the court.

The prayer of the bill, after asking that process of subpoena be issued to the several defendants, was as follows: "The complainant further prays that the court will ascertain by its decree what part of the said mortgage debt is a proper charge on the real estate conveyed to her by her mother, and that she be permitted to pay off such indebtedness, or to provide for its payment when it becomes due and as it becomes due, and that the defendants, J. H. McAnnelly & Brother, be restrained and enjoined from foreclosing their mortgage upon that part of the real estate so conveyed to her by her mother, unless they have first enforced the same

[Jones v. Matkin.]

upon the property conveyed to Wm. Blount Matkin, and that complainant's property be only held liable for a deficiency, if any.

"The complainant further prays that the defendant, Wm. Blount Matkin, be enjoined from cutting the timber from said real estate conveyed to her by her mother, and from committing waste thereon.

"The. complainant further prays that a receiver may be appointed to collect the rents, incomes and profits from the said real estate so conveyed to her, and that the said rents, incomes and profits may be applied to the payment of that part of the mortgage debt which the court in equity may determine is a proper charge upon this real estate.

"The complainant further prays for all other and further relief to which she is entitled on the facts as herein stated."

The defendants separately and severally moved to dismiss the bill for the want of equity; and also separately and severally demurred to the bill upon the following grounds: "1. Said bill shows upon its face that whatever right or interest the complainant ever had in or to the land mentioned in the bill was subject and subordinate to the mortgage of Margaret A. Matkin to Isham J. Fennell, a copy whereof is made exhibit B to the bill, and the bill shows that said mortgage has been foreclosed, and does not show that the land conveyed thereby has been redeemed under the statute in such case made and provided. 2. Said bill shows that the land mentioned therein is held and owned by the defendant, Elizabeth G. Matkin, under and through the foreclosure of the mortgage of Margaret A. Matkin to Isham J. Fennell, mentioned in the bill, and the averments of said bill do not show that the complainant is entitled to redeem said land from said foreclosure sale. 3. Said bill shows upon its face that the title to the land mentioned in the bill, which was acquired by the defendant, Elizabeth G. Matkin, * * * * is paramount and superior to any interest or title of the complainant in or to said land or any part thereof. 4. Said bill shows upon its face that Margaret A. Matkin and all persons claiming under her have lost all title or interest in or to the land described in the bill

by the foreclosure of said mortgage of Margaret A. Matkin to Isham J. Fennell, and by the failure of said Margaret A. Matkin to redeem said land from said foreclosure within two years from the date thereof. 5. Said bill does not show that the complainant at or before the time of the filing of said bill, tendered to the defendants, or either of them, the amount required to be paid by the complainant to redeem said land or any part thereof from the sale under the power in said mortgage to Isham J. Fennell. 6. Said bill does not show that complainant has paid into court any money for redemption of the land mentioned in the bill. 7. The averments of said bill do not show that any title or interest now held by the defendants, or either of them, was acquired or is held subject to any claim or demand of the complainant in or to the land mentioned in the bill, or any part thereof."

Upon the submission of the cause upon the motion to dismiss and upon the demurrers, the chancellor decreed that the motion and the demurrers were well taken and that they be sustained, and ordered that the bill be dismissed, unless the complainant could, by the next term of the court, so amend it as to give it equity. From this decree the complainant appeals, and assigns the rendition thereof as error.

SHELBY & PLEASANTS, for appellant, cited 4 Kent's Com. 177, §163; 15 Amer. & Eng. Encyc. of Law, 828, note 2; *Butts v. Broughton,* 72 Ala. 294; *Cramer v. Watson,* 73 Ala. 127; *McGough v. Sweetser,* 97 Ala. 361; *Duval v. McLoskey,* 1 Ala. 708; 2 Jones on Mortgages, §1047; *Gassenheimer v. Molton,* 80 Ala. 521; *McLean v. Presley,* 56 Ala. 211; *Garland v. Watson,* 74 Ala. 323.

R. W. WALKER, *contra.*—The Fennell mortgage having been executed prior to the change in the statute giving the right to redeem to an assignee of the equity of redemption, the appellant has no right of redemption. *Lehman v. Moore,* 93 Ala. 186; *Powers v. Andrews,* 84 Ala. 289.

The unimpeached foreclosure of the Fennell mortgage stripped Mrs. Margaret Matkin and all others claiming under her of all interest in the land, save only

the statutory right of redemption—a mere personal privilege.—3 Brick. Dig. 729. The exercise of that right by any one is dependent upon the actual tender of the amount required to be paid.—*Beebe v. Buxton,* 99 Ala. 117; *Beatty v. Brown,* 101 Ala. 695.

HARALSON, J.—It is manifest from the statement of the facts of this case, that the bill was not filed for the purpose of redeeming under the statute, nor to redeem under the general principles of equity, by disaffirming the foreclosure of the mortgage, because the representative of the mortgagee purchased at his own sale. Its allegations and prayer are not sufficient on either of these theories. The bill is filed on another and different theory. Indeed, it recognizes the validity of the foreclosure, and does not seek to set it aside.

In *Lehman, Durr & Co. v. Moore,* 93 Ala. 186, the court held, in construction of section 1879 of the Code of 1886, in reference to the redemption of lands sold under execution, or by virtue of any decree in chancery, or under any deed of trust or power of sale in a mortgage, that the right to redeem lands sold under a mortgage, was not conferred on the assignee of the equity of redemption, or purchaser from the mortgagor. The legislature, by act approved February 27th, 1889, (Acts 1888-89, p. 764; Code of 1896, §3505), amended said section, so as to make it read, as to those entitled to redeem lands, that "the same may be redeemed by the debtor, his vendee, junior mortgagee, or assignee of the equity of redemption, from the purchaser or his vendee," etc. This amendatory act, as was held in the case above cited, did not apply to mortgages executed before the day of its approval, although the sale was made afterwards.

Mrs. Matkin's mortgage, under which the lands in question were sold, was executed before the date of the approval of said act; and it has been urged by the appellees, that the complainant and her brother, Wm. B. Matkin, to whom Mrs. Matkin conveyed the land before the foreclosure sale under her mortgage, did not have the right of redemption under the statute. But this contention is untenable. As far back at least as the Code of 1852 (section 2125), in the same chapter of that

and subsequent Codes making provisions for a statutory right of redemption, the provision appears, that "when land has been conveyed by a parent to a child, and sold as the property of the parent, the child has the right to redeem within the time, and upon the terms as provided in this chapter."—Code of 1886, §1888; Code of 1896, §3515.

It is undeniable, then, that Wm. B. Matkin, after the foreclosure, had the right to exercise the statutory right of redemption of said lands by paying the entire mortgage debt, and redeeeming the whole of the premises sold under the mortgage.—2 Jones on Mort., §1055; 3 Pom. Eq. Jur., §1220; *Rapier v. Gulf City Paper Co.,* 64 Ala. 330; *Butts v. Broughton,* 72 Ala. 294; *Holden v. Rison,* 77 Ala. 515; *Ohmer v. Boyer,* 89 Ala. 279.

Mr. Pomeroy, laying down the rule in respect to redemption of real estate sold under mortgage, by one having a subsequent interest in the premises, says: "In general, when any person having a subsequent interest in the premises, and who is, therefore, entitled to redeem for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lein so far as may be necessary for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection."—3 Pomeroy Eq. Jur., §1212. This right extends to any person interested in the premises, such as co-owners, life tenants, reversioners, remaindermen and the like, and the only right of such redemptioner is to enforce the mortgage upon the estates of other interested parties as security for obtaining subsequent contribution.—3 Pom. Eq. Jur., §§1212, 1213, 1220, and 1221.

Again, the same author says: "Any such person who redeems, no matter how small a portion of the premises, he may own, or how partial may be his interest, must redeem the entire mortgage, by paying the whole mortgage debt. The doctrine of contribution among all those who are interested in having the mortgage redeemed, in order to refund the redemptor the excess of his payment over and above his own proportion-

ate share, and the doctrine of equitable assignment in order to secure such contribution, are the efficient means by which equity completely and most beautifully works out perfect justice and equality of burden, under these circumstances. The right of contribution arises only *after* a redemption, and necessarily depends upon the equities subsisting between all those persons who have an interest in the premises subject to the mortgage, and who, therefore, have a *common*, but not necessarily *equal*, interest in being relieved from the burden of the mortgage."—Ib. §1221; 2 Jones on Mort., §§1055, 1063; *Ohmer v. Boyer,* 89 Ala. 273, 280.

In this case, then, when Wm. B. Matkin redeemed the lands, he held the mortgage as an equitable assignee, for his own protection, and for the benefit of the complainant, who, if she asserted any rights thereunder, was bound to make equitable contribution to the redemptor. This she proposed to do, but the privilege was denied her. He could have forced her in equity to make such contribution, or stand foreclosed of her equitable rights of contribution.—3 Pom. Eq. Jur., §1222; 2 Jones on Mort., §1063. If he refuses to allow her to contribute, the remedy was equally open to her, to be allowed to redeem her lands from him by making equitable contribution. Her bill under the principles above announced was well filed, and the demurrer to it should have been overruled.

It is not disputed, that McAnnelly & Brother are entitled to their mortgage security on all the land covered by their mortgage, for the payment, without impairment of the same, of the notes therein mentioned. The money loaned to them by Wm. B. Matkin was used by him to redeem the lands from McDonald, and inured, in the redemption from McDonald, to the benefit of complainant as well as himself.

The court should, on final hearing, if the facts as averred in the bill are proved, ascertain by its decree, in accordance with the prayer, what part of said mortgage debt is a just charge on complainant's part of the land, and she should be allowed to pay the same to McAnnelly & Brother on their mortgage debt that has matured, or as it may mature. For any part thereof that remains unpaid, on the maturity of their mort-

gage, their right to foreclose the same, on the entire land, should remain unimpaired, but they should first sell the Wm. B. Matkin part of said land, and if any part of their mortgage debt shall thereafter remain unpaid, then, the lands of complainant for the payment of such balance should be sold. When complainant has paid her part of such mortgage debt to whom it may be due and owing,—the whole debt having been discharged,—she will be entitled to a conveyance from Wm. B. Matkin and wife to her part of said lands. If, in order to protect her interests, she should pay more than her equitable share of said debt, in discharge of the same, the court, having the parties and the subject matter before it, may enforce equities between her and said Wm. B. Matkin and wife, as they may in that event appear.

Reversed and remanded.

COLEMAN, J., *dissenting.*—After the foreclosure of the mortgage, there was nothing left, except the statutory right of redemption in the grantees of the mortgagor. The complainant and her brother were not tenants in common, but owned in severalty separate parts of the mortgaged land. If the purchaser at the mortgage sale had remained the owner, complainant had no remedy except to assert the statutory right of redemption. The conveyance of the purchaser to Wm. Blount Matkin did not impose any other duty or obligation upon him, than that which rested upon his vendor. Complainant, therefore, could assert no other right against him, than she could have asserted against his vendor, which was merely the statutory right of redemption. The bill does not seek this relief. Its whole frame and purpose shows this. The opinion of this court admits it. She was entitled to no other relief, and not being entitled to any other, there was no error in the decree of the chancery court.

BRICKELL, C. J., concurs in this opinion.