# Savage, *et al. v.* Bradley.

*Bill by Tenants in Common to be Let in to Redeem.*

(Decided Feb. 7th, 1907.   43 So. Rep. 20.)

1. *Tenant in Common; Sale on Foreclosure; Redemption by Cotenants.*—While a co-tenant cannot by redeeming from a mortgage

[Savage, et al. v. Bradley.]

sale invest himself with the absolute indefeasible title to the joint property, the redemption inuring to the benefit of all, yet the other co-tenants must within a reasonable time elect to contribute if they would reinstate their title.

2. *Same; Laches of Co-tenant.*—Under ordinary circumstances, two years is a reasonable time for the exercise of the right of election to contribute and reinstate their title by co-tenant, where other co-tenants have redeemed from mortgage sale, therefore where the co-tenant did not attempt to exercise this right for nearly ten years after the redemption by the other co-tenant, such laches lost them the right to elect.

3. *Equity; Dismissal of Bill; Considering Pleadings as Amended.*— The bill will not be taken as amended so as to allege that the complainants were infant and not capable of electing to reinstate their title, as against the motion to dismiss for want of equity, since to do so would permit of amendments of new and independent facts to those stated in the bill.

APPEAL from Conecuh Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Samuel Bradley's heirs against L. W. Savage and others. From a decree overruling defendants' motion to dismiss for want of equity and demurrers to the bill, they appeal. This is a bill filed by several heirs of Samuel Bradley, deceased, seeking to be let in to redeem certain lands alleged to belong to them all as tenants in common. The bill alleges that Bradley died seized and possessed of certain lands, describing them, and that prior to his death he had mortgaged said lands to certain persons, who, in pursuance of the power of sale contained in the mortgage, sold them; that in 1895 certain ones of the heirs redeemed said lands from the mortgage sale, paying a sum named as redemption; that these certain heirs mortgaged the lands to one Dunn for a sum named; and that Dunn, in default of payment, sold said lands under his mortgage, and they were purchased at said sale by L. W. Savage, who in turn conveyed them to his wife. The sale is alleged to have been made in December, 1898. This bill was filed May 10, 1905.

HAMILTON & CRUMPTON, STALLWORTH & BURNETT, and JAMES A. STALLWORTH, for appellant.—So far as

the bill seeks to remove cloud from title it is subject to the 11th ground of demurrer as the bill shows that the Savages are in exclusive possession of the land.—*Belser v. Scruggs*, 125 Ala. 336. The motion to dismiss the bill for want of equity should have been sustained. Whatever rights inured to complainants by reason of Watson's redemption of the land have been lost by the laches of the complainants and they cannot invoke a court of equity to grant them relief. They must have exercised their rights of election to benefit by the redemption with a reasonable diligence or they will be held to have repudiated the transaction and abandoned its benefits.—17 A. & E. Ency. of Law (2nd Ed.) pp. 678-679; *Britton v. Handy*, 73 Am. Dec. 497; *Lawrence v. Webster*, 44 Cal. 385; *Lee v. Fox*, 6 Dana. 177; *Mandebille v. Soloman*, 39 Cal. 133. The Alabama court has had under consideration analagous propositions and has held that the effect of redemption by one co-tenant is not to vest an absolute indefeasible title in severalty in the redemptioner. It is for the benefit of him and upon certain conditions, his co-tenants, etc., but the right of the co-tenant must be exercised with seasonable diligence if he is to benefit thereby.—*Lehman-Durr Co. v. Moore*, 93 Ala. 190; *Jones v. Matkin*, 118 Ala. 348. The time fixed as a reasonable time in which the mortgagor can lect to disaffirm a sale and redeem is two years.—*Elrod v. Smith*, 130 Ala. 215; *Mayson v. Mortgage Co.*, 124 Ala. 347; *Anton v. British American Mortgage Company*, 113 Ala. 110; *Newburn v. Bass*, 82 Ala. 622; *Alexander v. Hill*, 88 Ala. 487; *Ward v. Ward*, 108 Ala. 278; *Ezel v. Watson*, 83 Ala. 120.

JAMES F. JONES, and M. A. RABB, for appellee.—It is uncontroverted that Watson, one of the heirs of Bradley, redeemed the land from foreclosure sale under mortgage and from tax sale and that she never made any effort to enforce the lien she acquired under the mortgage by said redemption to obtain contribution. Watson, then, could not convey by mortgage any more title than she had.—*Jones v. Matkin*, 118 Ala. 341; Pomeroy's Eq. Jur. 1212; *Lehman-Durr Co. v. Moore*, 93 Ala.

190. The right of redemption is not barred under the conditions existing in this case except by ten years adverse possession.

McCLELLAN, J.—This appeal results from a decree overruling motion to dismiss for want of equity and demurrers to the bill. As a general rule a co-tenant cannot by his own act prejudice in any degree the title or right of his fellows. A joint tenancy is, as to the common property, a relation in the nature, if not in fact, of trust and confidence; and from this relation presumptions of the utmost favor to all joint owners arise, to the end that the title and rights of each in the joint estate may be preserved unimpaired.—Freeman on Co-Tenacy, §§ 166, 172; *Brittin v. Handy,* 73 Am. Dec. 497. Certainly one co-tenant may at forced sale buy the estate, and thereby in severalty become the owner; but he cannot by redeeming from mortgage sale, invest himself with an absolue, indefeasible title to the joint property. In such latter case the nonredeeming co-tenants have the right, which is only an equity, to elect within a reasonable time to contribute their proportion of the outlay made by the redemptioner in effecting the redemption and to rehabilitate their title. This act of redemption is well declared to inure to the benefit of all his co-tenants, provided within a reasonable time they elect to contribute and reinstate their title.—*Lehman-Durr & Co. v. Moore,* 93 Ala. 186, 9 South. 590; *Britten v. Handy,* 73 Am. Dec. 497, and note; 17 Ency. Law, p. 679, div. 8.

The bill here is well filed within this principle, and enjoys its favor, unless, as is contended by appellants, under their motion to dismiss for want of equity, the laches of the appellees denies them its protection. In other words, we are confronted in this case with the question: Have the complaining co-tenants asserted within a reasonable time their election to take the benefit of the statutory redemption of the common estate by their fellow? The appellants insist that two years from redemption is the reasonable limit for election by co-tenants, and invoke an analogy in the rule applied to the mortgagor's election to disaffirm, where the mort-

gagee without contractual permission purchases at his own sale. The appellees, on the other hand, insist that ten years is the reasonable limit for such election, and offer an analogy in the statute of limitations of that period. In view of the relation involved, we are not prepared to hold that any inexorable rule can or ought to be declared, since in the very nature of the relation the conduct and condition of the co-owners might materially change the standard. However, we are of the opinion, and so hold, that in ordinary cases, such as this is, by analyogy to the term fixed for the exercise of the statutory right of redemption, two years is the limit of time within which election by a co-tenant should be made in order to avail himself of the redemptioner's act. To extend the time, in ordinary cases, to ten years, would be to put within the power of a non-redeeming co-owner a wholly unreasonable option, and also fix for too long a period a condition upon title well calculated to impair confidence in its extent and duration. The status of the title and rights of the redemptioner and his fellow tenants is, in some respects, analogous to that existing when the mortgagee without stipulation to that effect in the instrument purchases at his own sale; and in ordinary cases of this character this court has many times declared two years as the reasonable time within which to disaffirm the sale. These two analogies afford, we think, firm ground upon which to found the conclusion above announced.

It appears from the bill here that the sale under the power in the mortgage was had on January 15, 1894, and that Farnham and others, strangers, became the purchasers; that on December 13, 1895, Mrs. Watson co-tenant of complainants, redeemed from the purchaser at the tax and mortgage sale, and took quitclaim conveyance from them to herself. The bill was filed May 10, 1905. Applying the two-year limitation after redemption for the election by complainants, it follows that the laches chargeable to them deprives the bill of any equity. The other relief sought is contingent upon the rights above determined, and no special consideration need be given that phase of the cause, nor is it necessary to pass upon the demurrers interposed.

In response to the insistence of appellees that, on motion to dismiss, the bill will be taken as amended to the effect that complainants were infants incapable of electing to reinstate their title, we may refer to the following cases, which adjudge that the presumption of amendment does not authorize the retention of a bill, against motion to dismiss, when to do so amendments of new and independent facts are to be taken as already made. —*Blackburn v. Fitzgerald,* 130 Ala. 584, 30 South. 568; *Seals v. Robinson,* 75 Ala. 368; *Tait v. American Mortgage Co.,* 132 Ala. 193, 31 South. 623.

The motion to dismiss the bill for want of equity, improperly overruled below, will be here sustained, and the bill dismissed, but without prejudice.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.