# Caldwell, et al. v. Caldwell, et al.

### Accounting and Settlement.

(Decided May 11, 1916. Rehearing denied July 6, 1916.
72 South. 621.).

1. **Tenants in Common; Lien; Redemption; Contribution.**—Where an heir acquired the interest of the mortgagee of land, the mortgage being given by his ancestor, adverse to the co-heirs under such circumstances that the title inured to the benefit of the co-heirs, and there was a partition agreement by which each heir acquired a lien on the property for indebtedness of the several heirs of the estate, and it was decreed that they might redeem from such mortgage in solido, on the condition that they pay their indebtedness, their

[Caldwell, et al. v. Caldwell, et al.]

several liens should be valued not as of the date of the contract creating them, but as of the date of the redemption.

2. **Same.**—Under such circumstances each heir was entitled to elect whether he would participate in the redemption.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by G. B. Caldwell and others against D. K. Caldwell and others, for an accounting and settlement, and the fixing of liens. From the decree entered respondents appeal. Reversed and remanded.

W. H. NORWOOD, MILO MOODY, LAWRENCE E. BROWN, and SPRAGINS & SPEAKE, for appellant. JOHN B. TALLEY, BOULDIN & WIMBERLY and S. S. PLEASANTS, for appellee.

McCLELLAN, J.—(1, 2) This is the third appeal to this court in the process of ascertaining and determining the rights of the parties concerned. Previous appeals in this cause are reported in 173 Ala. 216, 55 South. 515, and in 183 Ala. 590, 62 South. 951. Appeals in different, though similarly styled, proceedings involving related circumstances and incidents, may be found reported in 121 Ala. 598, 25 South. 825, and 157 Ala. 119, 47 South. 268. Ultimately (173 Ala. 216, 55 South. 515, and 183 Ala. 590, 62 South. 951) it was held that the purchase of the landed estate by one of the children of Hamlin Caldwell, deceased, viz. D. K. Caldwell, from the purchaser (Moody) thereof at the chancery sale, inured to the benefit of all of the children of Hamlin Caldwell, deceased; that they were entitled to redeem in solido from the mortgage executed by D. K. Caldwell to Moody, the vendor in the sale to D. K. Caldwell; that the respective indebtedness of three of the children, to the estate of Hamlin Caldwell, ascertained and established by the decree of the probate court (121 Ala. 598,, 25 South. 825), was a charge and lien upon the respectively alloted lots of land noted and distinguished by the agreement, and action under it, of date February 7, 1897; that as between the tenants in common the right of each to redeem should be conditioned upon the satisfaction of his indebtedness to the other three children, indebtedness secured as stated by the contract lien imposed by the agreement of February 8, 1897; that the maximum respective values of the lien established by the contract of February 8, 1897, should be the value of the respec-

tive lots at the time the contract was executed; and that the stated condition to the respective rights of the heirs to redeem, or rather to contribute to the redemption in solido, should be the payment, in effect, by each heir to the others of the value of the lien at the time contract was made—requiring an accounting between the heirs in the form thus presented in the former opinion (183 Ala. 601, 62 South. 591) : "The accounts should be stated between the lienholders in the proportion of one-fourth to each and of three-fourths against each [of those indebted]. Since it appears that the indebtedness of D. K. Caldwell is less than that of either G. B. or E. H. Caldwell, and that Almena Caldwell was without indebtedness to the estate, the contribution, for redemption, by each complainant should be tolled by his respective one-fourth interest in the amount due from D. K. Caldwell; and, to accomplish the proper relief, the right of each complainant to contribute to and to effect the redemption should be conditioned upon satisfaction, by each complainant, of the proportionate pecuniary interest D. K. has in the lien created by the agreement of February 8, 1897, on the land allotted to the complainants, respectively, but limited in amount to the value of the land, when the agreement was made (February 8, 1897), so allotted to each of complainants."

The decree now under review observed these directions in ascertaining the sum to be contributed by the heirs, respectively, as a condition to the right to redeem from the Moody mortgage; the respective sums being limited to the value of the lien on February 8, 1897. It is now insisted that this court was in error in restricting the value of the respective liens to the date fixed by the contract creating the liens on the respective lots. Further consideration leads to that conclusion—to the conclusion that the limitation as made was founded in error. The theory upon which the amended cross-bill was found to assert a sound equity lay in the manifest inequity of permitting a tenant or tenants in common to have the title to his or their respective allotments of the land established through contribution to redemption in solido without reference to a contractual lien or liens outstanding in favor of his or their cotenants on his or their respective allotments of land, when in the proceeding to effect the right to contribute to redemption, in solido, and to redeem no obstacle intervened to prevent the adjustment of the respective obligations of the co-tenants electing to participate in the redemption. Whether

the cotenants of D. K. Caldwell, from whose agreement and contract with Moody, the mortgagee, they might derive a benefit, would participate in the redemption is a matter for their respective elections.—*Savage v. Bradley*, 149 Ala. 169, 43 South. 20, 123 Am. St. Rep. 30; *Calwell v. Caldwell*, 172 Ala. 216, 230, 231, 55 South. 515. The effect of the recognition of the stated equity asserted in the amended cross-bill was to introduce that as a condition to the right of the cotenants of D. K. Caldwell to elect to contribute to and participate in the redemption of the Moody mortgage. Since this condition to participate in the redemption has reference to and effects the right to contribute to the redemption in solido to the end that the cotenant electing to so participate may have the title to the lot assigned to him invested in him, the value of the lien—upon the lot assigned by the division to the cotenant electing to so participate by meeting the stated condition to the right to contribute to the redemption—should be ascertained and fixed as of the time (the date) the redemption is effected. This conclusion necessitates the ascertainment of the value of the respective lots assigned to those of the cotenants who elect to participate in the redemption at a date to be hereafter fixed by the chancellor. It also results from this conclusion that no charge for rents, incomes, or profits (other than charges for waste or timber removed) from the lands covered by the Moody mortgage should be imposed or set against any of the parties or their successors in right. Since the "home place" is not included in the Moody mortgage, from which the redemption is sought, no rental for the use or enjoyment thereof should be charged.

The decree is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except THOMAS, J., not sitting.

## ON REHEARING.

McCLELLAN, J.—All unpaid cost to be taxes and collected as follows: One-half to be borne by D. K. Caldwell or his estate, and the other half to be prorated among all the other parties to this cause. If cost cannot be made out of some of the parties, then their share is to be prorated among the others.

The application for rehearing is overruled.