## CHILDRESS v. SMITH.

### 5 Div. 143.

Supreme Court of Alabama.
Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

Lawrence F. Gerald and Raymond C. Smith, both of Clanton, for appellant.

Reynolds & Reynolds, of Clanton, for appellee.

FOSTER, Justice.

The substance of the facts necessary to understand the chief question in the case is as follows: Collins rented land from defendant for 1931. There was then an outstanding mortgage on it executed by defendant. Collins during the term of his lease, and on October 16, 1931, procured a transfer to himself of the mortgage, and, still during such term and on the 28th day of November, 1931, foreclosed the mortgage under the power, and plaintiff (who was incidentally the father-in-law of Collins, and lived on the place with him) became the purchaser. The defendant, landlord, procured possession from Collins about February 9, 1932, by a suit. There is a first mortgage on it to the Federal Land Bank. This suit was begun by plaintiff, the purchaser at the foreclosure sale, on September '28, 1932, after defendant had procured possession, and she was then in possession. The court gave the affirmative charge for defendant.

When the action is such as to authorize a trial of titles, a tenant, though in possession, in a suit with the landlord, is not denied the right to show that the landlord's title has expired or been extinguished, either by operation of law, or by his own act, after the creation of the tenancy, or that there is a change of the landlord's title for the worse, after the tenant has entered into the contract. Sadler v. Jefferson, 143 Ala. 669, 39 So. 380; Hammond v. Blue, 132 Ala. 337, 31 So. 357; Davis v. Williams. 130 Ala. 530, 30 So. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; Farris v. Houston, 74 Ala. 162.

But it is claimed, and the trial court acted favorably on that claim, that a tenant during his term cannot acquire the title adverse to that of his landlord and assert it after a surrender of possession. Reliance is had on Bailey's Adm'r v. Campbell, 82 Ala. 342, 2 So. 646, and Jackson v. King, 82 Ala. 432, 3 So. 232.

The principle first above stated, as shown by the authorities we there cited, is consistent with that also referred to in them, that the tenant, while in possession, is estopped to denying the title of the landlord as it existed at the inception of the tenancy. He cannot, while so in possession and to defeat a suit against him for possession, show that there was such superior outstanding title, though he may have acquired a transfer of it to himself, and though the suit be of a nature which admits of a contest of titles. It is upon that principle that the cases first cited are consistent with that of Bailey's Adm'r v. Campbell, supra, and Jackson v. King, supra. But those cases did not have the effect of holding, though there may be some misleading language in them, that a tenant, during the term of the lease, and while in possession, cannot acquire a title outstanding and superior to that of his landlord, and claim the benefit of it, after he has surrendered the possession of the land to his landlord. But the principle is that "the landlord can only be required to litigate title with tenant upon the vantage ground of possession." He must first surrender the possession of the premises and regain it afterwards by an action, if his claim is based upon a right adverse to the landlord at the inception of the lease. Houston v. Farris, 71 Ala. 570; Norwood v. Kirby's Adm'r, 70 Ala. 397; Barlow v. Dahm, 97 Ala. 414, 12 So. 293, 38 Am. St. Rep. 192; 1 Tiffany on Land and Tenant, p. 461; 1 Tied. Real Property, § 199.

We may concede that a purchase by the tenant of an outstanding mortgage on the land should be held to be for the protection of his possession, as said in respect to a tax title, and that such a purchase is similar to that of a tenant in common, when the mortgage covers the entire title, so that it inures to the benefit of the other tenants in common, when it is purchased by one of them. But that does not mean that the landlord may have the benefit of the right thus acquired by the tenant without reimbursing him for his outlay.

It is said.in Lehman, Durr & Co. v. Moore, 93 Ala. 186, 190, 9 So. 590, with respect to the status of tenants in common, when one has redeemed the common property from a mortgage on it, that the others have the right to rehabilitate their rights in the property by contributing an aliquot share of the amount paid by their co-tenant. Jones v. Matkin, 118 Ala. 341, 24 So. 242.

In Jones v. Matkin, supra, on page 348 of 118 Ala., 24 So. 242, 244, there is a quotation

from Pomeroy on Equity, applicable to such situation, to the effect that, when such a payment is made, "he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be 'necessary for his own benefit: he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection." And in Donnor v. Quartermas, 90 Ala. 164, 170, 8 So. 715, 24 Am. St. Rep. 778, it is said that, when a cotenant purchases from the state an. outstanding tax title, it inures to the equal benefit of the others, and that such purchaser can only use such tax title as a basis for compelling the others to reimburse him for their prorata share of his outlay.

But the rule is that, when a cotenant redeems the common property, he "is entitled to hold the entire estate until he shall be reimbursed what he has paid beyond his just proportion. He is considered as assignee of the mortgage, and stands, after redemption, in the place of the mortgagee in relation to the other owners of the equity." Francis v. White, 166 Ala. 409, 412, 52 So. 349, 350.

And in Lehman, Durr & Co. v. Moore, supra, at page 190 of 93 Ala., 9 So. 590, 592, it is said that such tenant in common may exercise his right of redemption from a cotenant so redeeming "on the same principles as obtain with respect to the exercise of the right of redemption before foreclosure under like circumstances."

The rule is stated in 33 Corpus Juris, 911, to be that a title so acquired by a joint tenant will inure to the others, "provided the other joint tenants elect, within a reasonable time,. to avail themselves of such adverse title, and contribute their ratable share of the expense of acquiring it." Such is the case also of Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am. St. Rep. 30.

In the case of Johns v. Johns, 93 Ala. 239, 9 So. 419, it is held that, when one tenant in common in remainder purchases the land at a tax sale during the life estate, he acquires the legal title subject to the equitable right of his cotenants to hold him as trustee.

With respect to landlord and tenant, the rule in 35 Corpus Juris, 1247, is said to be that a tenant cannot by purchase acquire the rights of a mortgagee without a surrender of possession.

■■ We think that from all the above it is the law that a tenant is not prohibited from purchasing an outstanding mortgage or other title adverse to the landlord, though he is in possession under his lease. But he cannot assert the title so acquired against the right of the landlord to recover possession of the land. But, after he has surrendered such possession, the title so acquired may be asserted by him in any suit with the landlord, and there enforced subject to the right of the

landlord to reimburse the tenant for his outlay, not exceeding the value of such title (1 Tiffany on Landlord and Tenant, p. 462), and to be exercised by the landlord in a reasonable time after notice of the acquisition of the title. When a mortgagor or pledgor has an equitable right to disaffirm an attempted or colorable foreclosure sale, it is usual to limit such right to two years. Canty v. Bixler, 185 Ala. 109, 64 So. 583; Persons v. Russell, 212 Ala. 506, 103 So. 543. The same is the ordinary limit of the equitable right of a cotenant to obtain the benefit of a statutory right of redemption which another cotenant has exercised (Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am. St. Rep. 30), or to participate in the purchase of an outstanding title by such other cotenant (Williams v. Massie, 212 Ala. 389, 102 So. 611; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397). For a like reason, when a tenant in possession acquires an outstanding title, the landlord should be barred of his right to redeem it after two years from notice of its acquisition by the tenant and his surrender of possession. What is sufficient to constitute notice is discussed in Gilb v. O'Neill, supra.

■ While the tenant is in possession, the adverse right so acquired is supposed to be to protect that possession; and he cannot assert it against the landlord for any purpose. His foreclosure of the mortgage, if such it be, is not effective as such at the election of the landlord to be exercised within two years after notice of the foreclosure. But the limitation should not commence until after the surrender of possession by the tenant, though the landlord may have notice of the attempted foreclosure prior to that event.

We see no reason why defendant may not exercise the right here described by following the procedure provided in section 7465, Code. This right of the landlord is of course subject to the further right of the plaintiff as the purchaser at foreclosure sale to show that he is a bona fide purchaser, provided also that he had no notice of the right of defendant as here outlined when he purchased. Mallory v. Agee, 226 Ala. 596, 147 So. 881.

■ It should not be necessary also to observe that the period in which defendant may exercise this right of redemption, though fixed at two years, is for the purposes of this suit to be measured to the time of the institution of this suit, provided defendant exercises her rights in it as authorized by section 7465, Code, and not to the time when the suggestion may be made under that statute.

We think that the court erred in giving the affirmative charge for defendant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.