82 So.2d 303

Jerry M. DRAPER et al.

v.

Louise Draper SEWELL.

7 Div. 274.

Supreme Court of Alabama.

Aug. 18, 1955.

Young, Aird & Young, Anniston, for appellants.

Wm. C. Bibb, Anniston, for appellee.

MERRILL, Justice.

This is an appeal from a decree of the Circuit Court of Calhoun County, in Equity, dismissing appellants' bill of complaint. The bill seeks a sale for division among joint owners and tenants in common of a certain city lot and house located thereon which cannot be equitably divided without a sale for division. Appellee's answer to the bill avers that she has a fee simple title to the property.

The evidence was heard ore tenus by the trial judge. His findings of fact and conclusions of law are substantially as follows: The property which is the subject matter of this litigation constituted all the real property owned by John H. Draper who died intestate on November 18, 1934, leaving surviving him as his sole heirs at law his widow, Sue C. Draper, one daughter, Louise Draper Sewell, the appellee in this cause, and two minor grandchildren, Jerry M. Draper (born October 2, 1924) and Robert M. Draper (born July 27, 1926). These grandchildren, sons of a deceased son of John H. Draper, are the appellants here.

The judge further found that the property constituted the homestead of John H. Draper; that at the time of the death of John H. Draper, A. P. Agee held a mortgage on the said property on which was due a balance of approximately eight hundred dollars; that said mortgage was executed by John H. Draper and his wife, Sue C. Draper, in 1922 to secure a debt owed to A. P. Agee; that subsequent to the death of John H. Draper, Sue C. Draper paid off the mortgage and that A. P. Agee on January 7, 1935, assigned and transferred the mortgage to her; that on November 13, 1937, Mrs. Sue C. Draper transferred and conveyed said mortgage to the appellee, Mrs. Louise Draper Sewell; that on January 24, 1938, the appellee foreclosed the mortgage and as authorized by its terms, became the purchaser at the foreclosure sale and on the same date conveyed to Mrs.

Sue C. Draper a life estate in the property, reserving to herself the remainder in fee simple; that some three or four years prior to the death of Mrs. Sue C. Draper on January 9, 1954, the appellants acquired knowledge of the fact that the appellee was claiming adversely to their interest in the property by reason of the foreclosure of the Agee mortgage; that appellants did not offer to pay their proportionate part of the consideration paid to A. P. Agee, as aforesaid, prior to the filing of the bill in this cause on January 22, 1954, and that the offer to do so made in the bill in this cause was not made within a reasonable time after they knew that the appellee claimed to hold adversely to them and knew or should have known the true state of the legal title; that by their delay the appellants are barred from now asserting any interest in and to the said property, and that the bill of complaint should be dismissed.

The assignments of error made by the appellant are as follows:

"1.  For that the trial court erred in its final decree of October 11, 1954, dismissing complainant's bill of complaint.

"2.  For that the trial court erred in its finding of fact and conclusions of law as contained in the final decree entered in this cause on the 11th day of October, 1954.

"3.  For that the findings of fact by the trial court as contained in the final decree are unsupported by the record evidence in this cause.

"4.  For that the finding contained in the final decree of court, 'That three or four years prior to the death of Mrs. Sue C. Draper, who died January 9, 1954, the complainants acquired knowledge of facts sufficient to put them on inquiry as to the true state of the title of said property and at the said time acquired knowledge of the fact that the respondent was claiming adversely to their interest therein by reason of the foreclosure of the Agee mortgage,' is unsupported by the record evidence in this cause.

"5.  For that the final decree of the trial judge is laid in error in its findings of fact and conclusions of law.

"6.  For that the final decree of the trial judge dismissing this cause is contrary to the great weight of evidence adduced on the trial of this cause and is so patently erroneous as to be totally unsupported by the record evidence."

The following findings are established without dispute: John H. Draper died intestate in 1934 owning in fee simple the property here in question, subject to a mortgage which he and his wife had executed in favor of A. P. Agee in 1922. This property constituted all the real estate owned by said John H. Draper. He left surviving him as his only heirs at law the persons noted in the finding by the judge, above. The transactions which took place subsequent to the death of John H. Draper in relation to the Agee mortgage,—its acquisition by the widow Mrs. Draper, the transfer of same to the appellee, the foreclosure of same and the purchase by appellee at the foreclosure sale and the transfer or conveyance of the life estate to Mrs. Draper, are matters of record. The mechanics of these transactions are not in controversy but their effect is disputed.

■  We first direct our attention to the effect of the acquisition of the Agee mortgage by the widow, Mrs. Draper. On the death of her husband, Mrs. Draper became a life tenant of the property. By her purchase of the Agee mortgage Mrs. Draper became the holder of an outstanding incumbrance on the property in addition to the life estate which she already possessed. What was said in the case of Ward v. Chambless, 238 Ala. 165, 189 So. 890, 893, is applicable to the factual situation here:

"No doubt Addie Anderson was a life tenant of the property, and it was her duty to pay the interest accruing on the mortgage debt during the continuation of her life estate. But she was under no legal duty to pay off the principal of the debt, but since she did so, it was the duty of the reversioners or remaindermen to make due and

proper contribution, such contributions, to be made within a reasonable time.

"The relation of the life tenant to reversioners or remaindermen has been held to be that of quasi trustee. If this quasi trustee purchases an outstanding mortgage or other incumbrance, the purchase will be treated as having been made for 'the joint benefit of himself and the reversioners or remaindermen.' He will not be allowed to hold the mortgage or other incumbrance for his own exclusive benefit, if they are willing to contribute their cost of the acquisition, and do so within a reasonable time. Abney v. Abney, 182 Ala. 213, 62 So. 64; Rushton v. McLaughlin, 213 Ala. 380, 104 So. 824; 16 Cyc. 617. Of course in such cases, the life tenant would have a lien upon the property for the amount due from the reversioners or remaindermen, and the mortgage or other incumbrance (the reversioners failing to make contribution) could be, to that extent, enforced by sale of the property, if the mortgage or other incumbrance provided for a sale in the enforcement of this lien."

■■ Mrs. Draper, being the legal holder of the mortgage and the debt secured thereby, could make a valid transfer of same. This she did by means of an instrument dated November 13, 1937, in which she conveyed and transferred to the appellee "that certain mortgage together with the indebtedness secured thereby" and in addition thereto all her "right, title, interest and claim in and to the real estate described in said mortgage." By means of this instrument, the appellee became subrogated to the rights and interest of Mrs. Draper.

■ The appellants contend that there was no consideration for the mortgage transfer from Mrs. Draper to the appellee and that the same is, therefore, void as to them and that the doctrine of subrogation and contribution does not apply. We cannot agree with this contention. The transfer it-self recites as consideration, "the sum of five dollars ($5.00) and other good and valuable consideration." In addition thereto, it is undisputed that immediately on foreclosure sale of the property, the appellee, who purchased at the foreclosure sale, conveyed a life estate therein to Mrs. Draper. Also, there is undisputed evidence showing that Mrs. Draper lived without charge to her at the home of the appellee for a period of time in excess of fifteen years.

We next direct our attention to the effect of the foreclosure of the mortgage and the purchase of the property at the foreclosure sale by the appellee. We said in the case of Salter v. Odom, 240 Ala. 462, 199 So. 687, 688:

"In this jurisdiction it is established, by a long line of decisions, that a redemption of property by one cotenant from mortgage, or tax sales, or a purchase before the time of redemption has expired, and the discharge of other liens, will inure to the benefit of all the cotenants, who may, within a reasonable time, elect to avail themselves of the redemption, or of the purchase, by making, or offering to make, their proportionate contribution to the redemption of said property, or its purchase, with interest thereon. Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Bailey's Adm'r v. Campbell, 82 Ala. 342, 2 So. 646; Jackson v. King, 82 Ala. 432, 435, 3 So. 232; Howze v. Dew, 90 Ala. 178, 7 So. 239, 24 Am.St.Rep. 783; Courtner v. Etheredge, 149 Ala. 78, 43 So. 368; Jones v. Matkin, 118 Ala. 341, 24 So. 242; Sullivan v. Parker, 228 Ala. 397, 153 So. 858; Gordon v. McLemore, 237 Ala. 270, 186 So. 470; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Kelly v. Carmichael, 221 Ala. 371, 129 So. 81; Childress v. Smith, 227 Ala. 435, 150 So. 334; 62 C.J. 465.

\* \* \* \* \* \*

"It is also well established by our decisions that where one cotenant, who is not the debtor, and, therefore, not primarily and absolutely liable for the mortgage debt, pays off a mortgage on

the joint or common property, such cotenant so paying off the mortgage becomes an equitable assignee of the mortgage, or title so acquired, and may keep alive and enforce the lien so far as may be necessary for his own benefit. The doctrine of contribution among all those who are interested in having the mortgage redeemed, or the outstanding title acquired, in order to refund the redemptor the excess of his payment over and above his own proportionate share, and the doctrine of equitable assignment in order to secure such contribution, are the means by which equity works out justice, and equality of burden, under such circumstances. As otherwise said, the redeeming cotenant is considered the assignee of the mortgage, and stands in the place of the mortgagee in relation to the other owners of the equity. Jones v. Matkin, supra; Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590; Johns v. Johns, 93 Ala. 239, 9 So. 419; Pruitt v. Holly, 73 Ala. 369; Donnor v. Quartermas, 90 Ala. 164, 8 So. 715, 24 Am.St.Rep. 778."

Thus, as stated above, the purchase by the appellee at the foreclosure sale inured to the benefit of all the cotenants. In order to secure the benefit of said purchase, however, it was necessary for the appellants to make, or offer to make, their proportionate contribution to the purchase of the property within a reasonable time. Whether the offer by the appellants in the present bill to contribute their proportionate share of the expense of the purchase comes within a reasonable time is the next matter for our consideration.

The term "reasonable time", as applied to the period allowed one cotenant to contribute or offer to contribute his proportionate share of the cost of acquiring an outstanding claim against the property by another cotenant, has been given no fixed definition by our cases. In Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am.St. Rep. 30, it was observed:

"In view of the relation involved, we are not prepared to hold that any in-exorable rule can or ought to be declared, since in the very nature of the relation the conduct and condition of the co-owners might materially change the standard. However, we are of the opinion, and so hold, that in ordinary cases, such as this is, by analogy to the term fixed for the exercise of the statutory right of redemption, two years is the limit of time within which election by a cotenant should be made in order to avail himself of the redemptioner's act."

See also Williams v. Massie, 212 Ala. 389, 102 So. 611, 615, for the following quotation from Judge Freeman's work on Cotenancy:

" 'The right of a cotenant to share in the benefits of a purchase of an outstanding claim is always dependent on his having, within a reasonable time, elected to bear his portion of the expense necessarily incurred in the acquisition of the claim. A most natural and material inquiry, then, is what is a reasonable time. To this inquiry no positive answer can be given. In this, as in all other questions in regard to reasonable time, no doubt each case must necessarily be determined upon its own peculiar circumstances. The cotenant asking a court of equity to award him the benefit of a purchase, must show reasonable diligence in making his election. Whatever delay he may have occasioned must be entirely consistent with perfect fair dealing on his part, and in no wise attributable to an effort to retain the advantage, while he shirks the responsibilities of the new acquisition.' "

In Ruffin v. Crowell, 253 Ala. 653, 46 So.2d 218, 223, this court said:

" * * * Their (complainants') right is dependent upon whether their claim became barred before they asserted it. When Odessa bought the land from the bank, it was for the benefit of the other heirs of Marion Crowell, Sr., who then held their rights as such heirs, provided within a 'reasonable

time thereafter they elect to contribute and reinstate their title.' Under ordinary circumstances two years is a reasonable time in which to do so. Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am.St.Rep. 30; Randolph v. Vails, 180 Ala. 82(7), 60 So. 159; Williams v. Massie, 212 Ala. 389, 102 So. 611; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Bailey v. Bond, 237 Ala. 59, 185 So. 411; Penny v. Penny, 247 Ala. 434, 24 So.2d 912."

In the instant case, the younger of the two appellants reached his majority in July 1947, some nine and one-half years after the purchase of the property at the foreclosure sale by the appellee and some six and one-half years before the filing of this bill. During the minority of appellants the time limitation within which they had to pay or offer to pay their proportionate share of the expenses of the purchase of the property, did not expire. Title 7, § 36, Code of 1940; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Courson v. Tollison, 226 Ala. 530, 147 So. 635.

But the appellee contends, and the trial judge so found, that appellants had notice of the purchase and title claimed by appellee and that such notice was had after they became sui juris and some three or four years prior to the filing of the bill in this cause.

We have said in cases of this nature that the claim of one cotenant against the other cotenant or cotenants must be actually known to such other cotenant in order to defeat his rights to the property involved. Gilb v. O'Neill, supra; Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75. In this case there was evidence from which a finding that the appellants had actual notice and knowledge could be made. The trial judge so found, and the testimony being ore tenus before the court, the conclusion of fact will not be here disturbed unless palpably erroneous. Penny v. Penny, 247 Ala. 434, 24 So.2d 912; Frank v. Johnson, 261 Ala. 642, 75 So.2d 153.

It follows that the decree of the lower court should be affirmed.

Affirmed.

LAWSON, SIMPSON, GOODWYN and MAYFIELD, JJ., concur.