# Kellum *v.* Balkum.

*Statutory Action for Unlawful Detainer.*

1. *Right of heirs to recover, on death of lessor during term.*—When the lessor of lands dies before the expiration of the lease, his title and right at once descend to and vest in his heirs, and they may maintain a statutory action for unlawful detainer after the termination of the lease (Code, § 3381), counting on the prior actual possession of their ancestor.

[Kellum v. Balkum.]

2. *Same; payment of rent to administrator.*—On the death of the lessor before the termination of the lease, his administrator may assert his statutory rights, intercept the rents, and maintain an action for unlawful detainer after the expiration of the term; but an action by the heirs for unlawful detainer, against a person who entered before the expiration of the lease, can not be defeated by proof of the fact that the lessee paid the rent for the term to the administrator.

3. *Evidence in denial of plaintiff's possession.*—When the plaintiffs sue as the heirs of the deceased lessor, who died before the lease expired, and the defendant entered a day or two before the expiration of the term, evidence showing that the defendant claimed the rent, demanded payment of it, and brought an action against the lessor to recover the possession, is not relevant or admissible for any purpose.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by James A. Balkum and others, children and heirs at law of James W. Balkum, deceased, against Mrs. Eliza Kellum, and was commenced in a justice's court, on the 19th July, 1889. The summons issued by the justice described the suit as an "action for forcible detainer," but the complaint alleged only the defendant's unlawful entry and unlawful refusal to deliver possession on demand; and the complaint filed in the Circuit Court on appeal was for an unlawful detainer. The opinion states the material facts of the case, as here presented.

WALKER & ESPEY, for appellant.

JAS. G. COWAN, *contra.*

McCLELLAN, J.—This action, as presented by the complaint on which the trial was had, is one of unlawful detainer. The evidence is uncontroverted in the establishment of the following facts: James W. Balkum, the father of plaintiffs, was in possession of the land involved in the suit prior to 1888, and in the Fall of 1887 rented it to one Clark for the year beginning January 1st, and ending December 31st, 1888. Clark took possession under this lease, and sub-let a part of the land to one Harrison, who entered thereon and continued in possession to the end of the term, the other part of the tract being in like manner occupied by Clark till December 31st, 1888. Said Balkum died in the Spring of 1888, and the present plaintiffs are his only heirs at law. Administration was had on his estate, and the administrator collected the rent due from Clark; but it does not appear that he ever took the statutory steps to intercept the descent of the land for the purpose of subjecting it or its issues to the debts of the intestate, or that Clark or Harrison ever attorned to him, or whether

the rent was paid before or after the termination of the lease. Two days before the end of the term, and before Clark and Harrison vacated the premises, the defendant entered, and has since remained in possession. On July 29th, 1889, plaintifls demanded possession of her; and, upon her refusal to surrender it, instituted this action, and prosecuted it to the judgment in their favor from which this appeal was taken.

The assignments of error are addressed to many rulings of the trial court on the pleadings, on objections to testimony, and on instructions requested by the respective parties; but we are relieved from an examination of these rulings in detail by the argument of appellant's counsel, which narrows the limits of our inquiry to three propositions, which only, they insist, are "raised by the pleadings, and the rulings of the court on the evidence at the trial, and on the charges given and refused." These propositions are in denial of plaintiff's right to maintain this action, on the grounds : *first*, that "neither plaintifls nor their deceased ancestor were in possession of the premises at the time the defendant entered thereon ;" *second*, that the administrator had the right to maintain the action, and, hence, the heirs did not; and *third*, that the possession of the heirs "and their ancestor was not *bona fide*, but was a mere scrambling possession," and therefore not such possession as would support the action.

1. The theory of appellant's first position is, that unlawful detainer can not be supported on such prior possession as one has by his tenant, and further that, even conceding the tenant's possession to be that of his landlord, these plaintiffs were not the landlords of Clark and Harrison in the sense requisite to a predication of their former possession on the relation sustained by them to the latter. Both contentions are unsound. It is the settled law, that the action is maintainable upon such prior possession as one has through a tenant who either went into possession originally under the plaintiff, or, being already on the land, has attorned to him, or accepted a lease from him. In *Nicrosi v. Phillippi*, decided at the present term, it is said : "It is insisted here that the plaintiff's right to recover must in all cases rest upon a prior actual possession, actual in the sense of being *possessio pedis* by him personally, and prior in the sense of antedating defendant's entry. This is not the law. The books are full of declarations to the effect that, in this action, and that of forcible entry and detainer, the plaintiff must show prior actual possession. We have no purpose to dissent from that view in any particular. It is not meant thereby, however, that the plaintiff in unlawful detainer must show actual possession, either in himself or in

another for him, antedating the entry of the defendant. What is meant is, that he shall prove an actual possession in himself prior in point of time to the inception of the *wrongful* possession by the defendant—prior to the begining of the unlawful detainer by the defendant." And with respect to a holding prior to the beginning of the unlawful detainer through a lease from the plaintiff, it was said : "So long as the tenant holds under his lease, his actual possession is the actual possession of the landlord ; and proof of this actual possession, through and by the tenant, prior to and continuing to the time of the beginning of the unlawful detainer, fully meets the requirements of the doctrine under consideration."—8 So. Rep. 561 ; 91 Ala. 299 ; *Lecatt v. Stewart*, 2 Stew. 474. On this principle, applied to the case at bar, Balkum senior had, at the time of his death, possession of the land in controversy through his tenants, Clark and Harrison. Had he survived the term, there can be no doubt that he could have maintained unlawful detainer against those tenants, or any third person who had entered by permission of, or in collusion with them, holding over after Dec. 31st, 1888. Dying pending the term, his possession passed to his heirs at law, the present plaintiffs, and they became *eo instanti* the landlords of their ancestor's tenants, and entitled as such to the *possessio pedis* immediately upon the termination of the lease; and to maintain this action therefor in all respects as their father might have done had he survived the term.—*Nicrosi v. Phillippi, supra; Beezley v. Burgett*, 15 Iowa, 192; *Turley v. Foster*, 2 A. K. Marsh. 204; *Stinson v. Gossett*, 4 Ala. 170; *McKeen v. Nelms*, 9 Ala. 507; *Devine v. Brown*, 35 Ala. 596.

2. It is quite true that the personal representative of a deceased landlord may intervene for the purpose of devoting the land of the decedent, or its issues, to the payment of the debts of the estate, by taking the steps prescribed by the statute to that end, and thus become the landlord of the intestate's tenant in such manner as to entitle himself to the possession when the lease falls in, and to collect the rents while the term continues.—*Lass v. Eislehan*, 50 Mo. 122; *Scott v. Lloyd*, 16 Fla. 151; *Moody v. Ronaldson*, 38 Ga. 652. But the fact of such statutory intervention could not be shown in this action, prosecuted by the heirs, and to defeat their recovery, without raising a question of title, which can not be the subject of inquiry here.—*Houston v. Farris*, 71 Ala. 570. Moreover, there is no evidence in the case, nor offered, going to show that the administrator had intercepted the descent for the purpose of administration in the manner prescribed by statute. It is also quite true, that the action may be main-

[Tipton v. Wortham.]

tained by the administrator of a deceased landlord, against one who entered as the tenant of the latter, and has attorned to, or accepted a renewal of the lease from the administrator, and holds over after the lapse of the original or renewed term, as the case may be; this on the principle of estoppel resting on the lessee and those entering under him; but that is not this case, as we have seen.—*Nicrosi v. Phillippi, supra.* And it follows that, in no aspect of this case, as presented on the trial, was the plaintiffs' right to maintain this action at all affected or impugned by the relations which the administrator, on the uncontroverted evidence, sustained in the premises.

3. There was no evidence adduced to show that plaintiffs' possession "was not *bona fide,* but a mere scrambling possession." The testimony offered for this purpose, as stated in the bill of exceptions, had no tendency to show the facts sought to be proved by it. It went only to show that defendant had demanded payment to herself of the rent which Clark had contracted to pay Balkum; "that she claimed such rent as hers," and that she had at one time brought a suit against Balkum for the recovery of the land. None of this proposed evidence tended to disprove plaintiff's actual possession, or that his possession was a "scrambling" one, or lacking in good faith. It was wholly irrelevant, and properly excluded from the jury. The charges requested, which appear to have been based on the idea that plaintiffs' possession was not in good faith, and such only as resulted intermittently from a mere scramble between the parties, were entirely abstract, and well refused on that ground.

There is no error in the record, and the judgment of the Circuit Court is affirmed.