153 So. 858
### SULLIVAN v. PARKER et al.
6 Div. 466.

Supreme Court of Alabama.
March 29, 1934.

Wm. L. Chenault, of Russellville, for appellant.

C. E. Mitchell, of Hamilton, for appellees.

GARDNER, Justice.

The bill seeks a sale of land therein described (one hundred and ninety-five acres) for division among the tenants in common. Section 9331 et seq., Code 1923; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

All the heirs of T. J. Parker, deceased, and his widow, Martha E. Parker, are parties to the suit, together with Robert L. Sullivan, who is alleged to claim some interest in one hundred and sixty acres of land. The decree orders the sale of the entire tract, and denies to defendant Sullivan any interest therein, and from this decree Sullivan prosecutes the appeal.

It appears from the proof that T. J. Parker died in 1909 seized and possessed of this property, which constituted in part the homestead, and upon which the widow and children continued to live until reaching majority, when most of them moved elsewhere. There was never any administration or other proceedings concerning the estate.

At the time of the death of T. J. Parker, there was outstanding an unpaid mortgage executed by him (joined by his wife Martha E.) on one hundred and sixty acres of this land, which was foreclosed in December, 1911; one A. J. Taylor becoming the purchaser. In February, 1912, A. J. Taylor, in consideration of the payment of $248.63, by the widow Martha E. Parker, executed to her a quitclaim deed to the land purchased by him at the mortgage foreclosure sale. On its face the deed disclosed that the purchase by said Martha E. Parker was an exercise of her statutory right of redemption as the widow of the mortgagor. Section 10140, Code 1923, section 5746, Code 1907.

On the same day, the widow executed to one McCoy a mortgage on the same one hundred and sixty acres to secure the money with which to effectuate the redemption, which mortgage she testifies she afterwards paid with funds of her own. There is also in the record a mortgage by said Martha E. Parker to one Frederick embracing this same land, executed in 1916; but under our view of the case, as now presented, this is a matter of no controlling importance.

But in 1920 and 1921, Martha E. Parker obtained advances from W. F. Davis and executed mortgages on this land to secure the same. The mortgage of 1921 was by Davis transferred to the Corinth Bank & Trust Company, subsequently by the bank foreclosed, under the power of sale therein contained; the bank becoming the purchaser. Thereafter the bank conveyed the land to defendant Sullivan.

We recognize that by virtue of the relationship of joint interest in the property, the widow's purchase by way of redemption inured to the benefit of the heirs, and that

by such purchase she could not acquire the absolute and indefeasible title to the property. Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am. St. Rep. 30; Caldwell v. Caldwell, 173 Ala. 216, 55 So. 515; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Jones v. Matkin, 118 Ala. 341, 24 So. 242; Kelly v. Carmichael, 221 Ala. 371, 129 So. 81; Childress v. Smith, 227 Ala. 435, 150 So. 334; 62 C. J. 465-470.

But the foreclosed mortgage did not represent the indebtedness of any one of the tenants in common, and no duty rested upon any of them for its payment. Nevertheless, under the relationship of joint ownership, the redemption inured to the benefit of the remaining tenants in common. But this right of participation on their part is an equitable right, and in order to obtain the benefit thereof, the cotenant must contribute or offer to contribute to the expense within a reasonable time. Many cases touching upon this question are referred to in Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A. L. R. 1526.

The legal title, which was acquired by the widow in her purchase from Taylor, was, however, held by her in trust for the benefit of her cotenants, who must elect within a reasonable time to share therein and contribute their proportionate share of the expenses (62 C. J. p. 468), and as to what is a reasonable time no positive limitation is given; each case to be determined upon its own peculiar circumstances. Gilb v. O'Neill, supra. The deed to Martha E. Parker discloses on its face the nature of the purchase, and being a link in Sullivan's chain of title was notice to those to whom she executed mortgages. But the legal title acquired by the widow, though held in trust, nevertheless passed to Davis, her mortgagee, subject to the same infirmities then existing as to her. Davis, therefore, held the legal title in trust for the benefit of the other cotenants who desired to avail themselves thereof, and make their proportionate contribution, and, of course, defendant Sullivan acquired no greater rights.

The cause does not appear to have been considered upon the theory herein discussed, and the pleadings were not framed thereon.

We conceive, however, there was error in the decree in so far as it ignored any rights of defendant Sullivan by virtue of the title he acquired.

The cotenants were minors when the quitclaim deed to the widow was executed. Whether lapse of time would preclude any right they had to make contribution, and share in the benefit of such a purchase, or whether in fact they would now desire to do so, is not made to appear, and any discussion thereof would be premature.

Suffice it to say that, as to defendant Sullivan, we think the decree is laid in error and should be reversed.

The order of sale is as to the entire one hundred and ninety-five acres, and the thirty-five acres not involved in the litigated feature of the case is not separated. We think the reversal, under the circumstances, should be as to the decree as a whole. It is so ordered.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.