172 So. 597

### CUNLIFF et al. v. McPHERSON.

### 6 Div. 19.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Smyer, Smyer & Bainbridge, of Birmingham, for appellants.

J. Wiley Logan, of Birmingham, for appellee.

BROWN, Justice.

The defendants entered into a contract with the complainant and her husband, John W. McPherson, to sell and convey certain property described in the contract, for a fixed price, to be paid, part in cash, part in the conveyance of certain other property by complainant and her husband to the defendants.

The bill alleges that complainant and her husband have executed and tendered to the

defendants a deed to the property they agreed to convey, and have tendered the cash agreed to be paid; that the complainant has also tendered to the defendants a deed to be executed by them conveying the property which the defendants agreed to convey.

The contract, which is made exhibit to the bill, states that: "The *undersigned seller* hereby agrees to sell and the *undersigned purchaser* hereby agrees to purchase the following described real estate located in Jefferson County, Alabama, on terms stated." (The property is then specifically described, and the terms specifically stated.) The contract is signed by both defendants as "seller" and by complainant and her husband with the designation "purchaser" after each of their names. (Italics supplied.)

The bill seeks to enforce specific performance of the contract.

The defendants demurred to the bill, for want of equity, "For that there is a nonjoinder of parties complainant," and other grounds. The court overruled the demurrers, and from that decree the defendants have appealed.

The only question presented with any degree of earnestness is that complainant's husband, whom appellants dub "the forgotten man," being a party to the contract, is a necessary party complainant to the bill.

The appellee insists in brief, though she does not so allege in her bill, that the complainant, Mrs. McPherson, is the only person materially interested in the controversy because the property to be conveyed in satisfaction of the purchase price to defendants was her property, and that she was in fact the purchaser of the property from defendants; that her husband joined in the contract merely to bind himself to join with her in the conveyance to the defendants. Therefore, appellee contends that if she should make her husband a party complainant this would jeopardize her rights under the "well-settled rule that all complainants must be entitled to relief, or none is entitled thereto."

John W. McPherson, being a party to the contract, was a proper, if not a necessary, party. Certainly in the absence of averment in the bill showing that Mrs. McPherson was the sole party in interest, he would be a necessary party. And even though she is the sole party materially interested, still his joinder with her as a complainant would in no way affect her right to relief on final submission.

The rule adverted to by appellee in argument has long since ceased to be the rule, in consequence of the statute, section 6645, Code 1923, which provides that a decree may be rendered "granting such relief as the equity and justice of the case may require, in favor of any one or more complainants and denying relief to any one or more complainants," etc. Teal et al. v. Pleasant Grove Local Union No. 204, etc., 200 Ala. 23, 75 So. 335; Miller et al. v. Thompson et al., 209 Ala. 469, 96 So. 481. This statute, however, does not change the rule of pleading that the averments of the bill must show that all who join as complainants are entitled to relief. Staples et al. v. Barret et al., 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084; Marcus et al. v. People's Sav. Bank, 227 Ala. 576, 151 So. 467; Caheen et al. v. First Nat. Bank of Birmingham, 230 Ala. 105, 159 So. 815.

The demurrants (appellants) forgot, however, to name the "forgotten man" as the party not joined as complainant, and their demurrer was' therefore insufficient to present the question. Nelson et al. v. Wadsworth et al., 171 Ala. 603, 55 So. 120.

The other grounds were without merit.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.