174 So. 608

### SULLIVAN v. PARKER et al.

#### 6 Div. 94.

Supreme Court of Alabama.

May 20, 1937.

W. L. Chenault, of Russellville, for appellant.

C. E. Mitchell, of Hamilton, for appellees.

ANDERSON, Chief Justice.

■■ This is the second appeal in this case, Sullivan v. Parker et al., 228 Ala. 397, 153 So. 858, 859. We can add but little to the statement as to law or facts as set forth in the former opinion. As we understand, the former holding was to the effect that, while Mrs. Parker redeemed the land from Taylor and held the legal title to same, her children, as heirs of her husband, the former owner of the land, had an equity therein, in that the redemption from Taylor inured to the benefit of the joint owners. We also held that the deed from Taylor to Mrs. Parker recited the source and character of the title she held and that the mortgagee, Davis, had notice of same. The court held, however, that as Mrs. Parker redeemed the property prima facie with her own funds, the appellees, the Parker children, were not entitled to avail themselves of her redemption without making or offering a contribution to the redemption and reversed the case. After reversal, additional testimony was taken and the complainants' testimony tended to show that the fund used to redeem from Taylor was acquired under a mortgage to McCoy, that said McCoy was paid, not with funds of Mrs. Parker only, but with property belonging to the estate, as well as earnings and labor of the children, and, if this was so, there was no need for contribution as a condition precedent for the joint owners to enforce their rights in a court of equity. True, there was a partial contradiction as to how the McCoy mortgage was paid, but the evidence was ore tenus, or partly so, and we cannot say that the conclusion of the trial court was contrary to the great weight of the evidence.

True, in the former opinion, there is the statement that Mrs. Parker testified she paid the McCoy mortgage "with funds of her own," but this was inaccurate and a mere inference as she testified as to where she got the money to pay McCoy, "me and my kids worked for it and sold a mule and got part of the money, my husband owned the mule when he died." Moreover, the additional evidence after the case was reversed shows that the McCoy debt was paid from the property of the

180

estate or jointly by some of the children and heirs.

It must be observed that this redemption was made prior to any change in the law of redemption as appears in the Code of 1923 (Code 1923, § 10140), and this opinion is only in response to the single issue insisted upon by appellant's counsel.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.