199 So. 687

**SALTER et al. v. ODOM et al.**

**I Div. 126.**

Supreme Court of Alabama.

Dec. 19, 1940.

Rehearing Denied Jan. 23, 1941.

Gordon, Leigh, Leigh & Gordon, of Mobile, for appellants.

D. R. Coley, Jr., of Mobile, for appellees.

KNIGHT, Justice.

The bill in this cause was filed for the sale of certain lands in Mobile County, to effectuate partition amongst the joint owners or tenants in common, to require an accounting from two of the tenants in common for timber cut and sold by them from the jointly owned lands, and for other incidental relief. It is in no sense a bill to enforce statutory redemption after foreclosure.

It appears from the bill that the complainants, seven in number, and the three respondents, were the heirs at law and next of kin of Mary J. Odom, deceased, who died intestate in Mobile County, Alabama, on May 14, 1938; that at the time of her death, the said Mary J. Odom was seized and possessed of the lands described in the bill, consisting of more than 600 acres, and which it is sought to have sold for partition, and that the complainants and respondents, in equal right, acquired said lands by inheritance from the said Mary J. Odom, deceased.

It also appears from the bill that, at the time of the death of said Mary J. Odom, the said lands were encumbered by a mortgage in favor of one J. Tyler Turner for the sum of $400; that said property was of value greatly in excess of the amount due and owing on said mortgage.

It is averred in the bill that on, towit, December 9, 1938, B. C. Pringle and M. J.

Plemmons, the latter the husband of the respondent-appellant Cora H. Plemmons, procured the transfer of said mortgage from said J. Tyler Turner, and within less than a month thereafter foreclosed said mortgage, and purchased the property at said foreclosure sale. That in July immediately following said foreclosure, two of the complainants, Warren E. Odom and Fannie L. Williams, applied to the said Pringle and Plemmons to redeem said lands, and it was agreed between said parties that a deed or conveyance would be executed by said Pringle and Plemmons, and presented at the Citronelle State Bank, and upon which there would be paid the amount required for redemption of said property from said foreclosure; that notwithstanding said agreement the said Pringle and Plemmons failed to execute said deed and permit said redemption, the said Pringle and Plemmons stating in reply to inquiry, that the property had been redeemed by the respondents Hattie V. Salter and Cora H. Plemmons. It is well here also to state that it appears that the said Hattie V. Salter was the administratrix of the estate of said Mary J. Odom, deceased, as well as one of the co-tenants of said property, and the said Cora H. Plemmons was and is another of said co-tenants, and they are the two appellants on this appeal.

The bill further charges that after the redemption of said property by the appellants, they cut and sold a "great quantity" of timber from said lands, the value of which amounts to more than the indebtedness secured by said mortgage, and required for the redemption of said property from the foreclosure sale. The bill shows that the lands cannot be fairly and equitably divided or partitioned amongst the joint owners or tenants in common by metes and bounds without a sale thereof.

In addition to the prayer for the sale of lands for division, the bill prays for an accounting by said Hattie V. Salter and Cora H. Plemmons of all timber cut, removed and sold by them from said lands; that they be charged with the amount received by them from the sale of said timber in excess of the amount due them by way of reimbursement for amounts paid out by them in redeeming said property from the foreclosure sale.

The complainants submit themselves to the jurisdiction of the court, and offer to do "full and complete equity in the matter as may be adjudged by the Court," and they aver their readiness, ability and willingness "to make contribution to the cost of the redemption of said property and the preservation of the title thereto."

There was *a demurrer* to the *bill as a whole* and to the different aspects of the same, filed by the respondents Hattie V. Salter and Cora H. Plemmons.

The demurrer to the bill as a whole contains many grounds. Among these grounds are: That the bill is without equity; that the bill in its prayer for process fails to name any respondent; that there is a nonjoinder of necessary parties respondent; that it is not averred in the bill that possession of the lands was delivered "to the purchasers at the foreclosure sale, or their vendors;" that the bill fails to aver that no demand for possession was made upon the complainants after the alleged foreclosure.

To the different aspects of the bill, the respondents Hattie V. Salter and Cora H. Plemmons also demurred assigning a number of grounds, among them, that the bill shows upon its face that the complainants had no title or interest in the land at the time the bill was filed.

The court overruled the demurrers, and from that decree this appeal is prosecuted, by said Hattie V. Salter and Cora H. Plemmons.

We are not impressed that there is any merit in any of the grounds of demurrer, those going to the bill as a whole, or to any of its aspects.

Confessedly, upon the death of the said Mary J. Odom, in May, 1936, the complainants and the respondents became tenants in common, by inheritance from her, of said lands. The mortgage encumbrance upon said property was placed thereon by the said Mary J. Odom in her lifetime, and was a charge upon the joint interest of all the heirs.

In this jurisdiction it is established, by a long line of decisions, that a redemption of property by one cotenant from mortgage, or tax sales, or a purchase before the time of redemption has expired, and the discharge of other liens, will inure to the benefit of all the cotenants, who may, within a reasonable time, elect to avail themselves of the redemption, or of the purchase, by making, or offering to make, their proportionate contribution to the redemption of said property, or its purchase,

with interest thereon. Gilb et al. v. O'-Neill et al., 225 Ala. 92, 142 So. 397, 85 A. L.R. 1526; Bailey's Adm'r v. Campbell, 82 Ala. 342, 2 So. 646; Jackson v. King, 82 Ala. 432, 435, 3 So. 232; Howze v. Dew, 90 Ala. 178, 7 So. 239, 24 Am.St.Rep. 783; Courtner v. Etheredge, 149 Ala. 78, 43 So. 368; Jones v. Matkin, 118 Ala. 341, 24 So. 242; Sullivan v. Parker et al., 228 Ala. 397, 153 So. 858; Gordon v. McLemore, 237 Ala. 270, 186 So. 470; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Kelly v. Carmichael, 221 Ala. 371, 129 So. 81; Childress v. Smith, 227 Ala. 435, 150 So. 334; 62 C.J. 465.

In this case the complainants, cotenants with the respondents of said property, as pointed out heretofore in this opinion, elected to avail themselves of the redemption, or purchase, by the respondents Salter and Plemmons, within the period allowed by law for redemption of said property sold under foreclosure, and, therefore, their offer in the bill, filed within less than two years after the foreclosure of the mortgage, to contribute their proportionate share or amount to the expense of the redemption, was seasonably made.

The bill, therefore, contained equity.

It is also well established by our decisions that where one cotenant, who is not the debtor, and, therefore, not primarily and absolutely liable for the mortgage debt, pays off a mortgage on the joint or common property, such cotenant so paying off the mortgage becomes an equitable assignee of the mortgage, or title so acquired, and may keep alive and enforce the lien so far as may be necessary for his own benefit. The doctrine of contribution among all those who are interested in having the mortgage redeemed, or the outstanding title acquired, in order to refund the redemptor the excess of his payment over and above his own proportionate share, and the doctrine of equitable assignment in order to secure such contribution, are the means by which equity works out justice, and equality of burden, under such circumstances. As otherwise said, the redeeming cotenant is considered the assignee of the mortgage, and stands in the place of the mortgagee in relation to the other owners of the equity. Jones v. Matkin, supra; Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590; Johns v. Johns, 93 Ala. 239, 9 So. 419; Pruitt v. Holly, 73 Ala. 369; Donnor v. Quartermas, 90 Ala. 164, 8 So. 715, 24 Am.St.Rep. 778.

It appears from the averments of the bill, that as soon as the respondents Salter and Plemmons had redeemed said property, they began to cut, remove and sell from said lands a quantity of valuable timber standing thereon. The bill seeks an accounting in respect to the timber so cut and sold from said lands by these appellants. The complainants are entitled under the averments of their bill to this relief. As trustees of the title for the equal benefit of all the cotenants, they are chargeable with such proceeds, over and above their proportionate shares. Authorities, supra.

We have considered each and every ground of demurrer assigned to the bill as a whole, and to its several parts, and are at the conclusion that the court committed no error in overruling the said demurrers.

It follows, therefore, that the decree appealed from is due to be affirmed. So ordered.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.