24 So.2d 912

**PENNY et al. v. PENNY et al.**

6 Div. 341.

Supreme Court of Alabama.

Nov. 8, 1945.

On Rehearing Feb. 7, 1946.

Further Application for Rehearing Withdrawn Feb. 28, 1946.

F. F. Windham, of Tuscaloosa, and P. B. Traweek, of Elba, for appellants.

436

A. K. Callahan and Reuben H. Wright, both of Tuscaloosa, for appellees.

SIMPSON, Justice.

The original bill seeks a sale of land for division among tenants in common.

Alice Penny and Savannah Craig, mother and daughter respectively, were the joint owners of a lot of land in Tuscaloosa, Alabama, until the latter's death in 1924, after which Savannah's one-half interest descended to her legal heirs. During the cotenancy of the two, Alice constructed some dwelling houses upon the property, lived in one of them, and Savannah in another until Savannah's death, after which her said heirs lived on the property.

One of the houses was destroyed by fire and thereafter, in 1931, Alice Penny rebuilt it and in this undertaking mortgaged the whole property to West End Lumber Company, Inc., to obtain building materials with which to make the construction. Subsequently, in 1936, default was made in the mortgage debt and the lumber company foreclosed the mortgage and became the purchaser at the sale. A few months later Gabriel Penny, son of Alice, contracted with the company to purchase the property, the company covenanting to give a warranty deed to him upon full compliance with the terms of the contract, to be defeated only if someone permitted under the statute to redeem from the mortgage sale should effect a redemption.

No redemption was ever undertaken by anyone. Gabriel fully complied with his contract and received a deed to the property. He then conveyed the property to his wife, who now claims the full ownership of the title formerly owned by Alice.

Alice died in 1941 and after her death the present suit was instituted by her other heirs who claim to be the joint owners along with Gabriel's grantee (his wife) of the one-half interest formerly owned by Alice in the property.

The complainants base their claim to be coparceners mainly upon the principle that under a relationship of tenants in common of property a redemption thereof by one cotenant enures to the benefit of all. 18 West's Ala. Dig., Tenancy in Common. ☞ 19(4), p. 451.

■ It is true that, though no duty rests on any tenant in common to redeem the land after foreclosure, a redemption by one accrues to the benefit of the remaining cotenants, provided within a reasonable time they contribute or offer to contribute their share of the expense. Sullivan v. Parker, 228 Ala. 397, 153 So. 858; Sherrill v. Sandlin, 232 Ala. 389, 168 So. 426.

■ The foregoing principle of law is not here controlling, however, for the reason that the claim is predicated upon the existence at the time of a tenancy in common (62 C. J. 469, § 98), but when Gabriel Penny contracted to purchase the land from the lumber company there was no such relationship in the property between himself and his brothers and sisters. Alice Penny, his mother, was then still living and

was the exclusive owner of that undivided one-half interest in the property.

It may be said in passing, also, that even if the purchase of the property by Gabriel should be construed as a redemption, which we do not, those seeking to assert such a right of a joint tenant, and invoke the doctrine that redemption by one accrues to all, must elect to do so and contribute their share of the outlay within a reasonable time from redemption which, under ordinary circumstances, is two years. Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am.St.Rep. 30. And under the evidence and its tendencies, the conclusion would not have been palpably erroneous that the complainants by their own laches were estopped to then, when the suit was filed, make the election to contribute so as to reinstate their title.

The appellants seek to avoid the effect of the foreclosure because of an asserted irregularity in the notice of sale and because the foreclosure deed could not be produced.

The evidence was ore tenus before the court and, as indicated above, the conclusions of fact will not be here disturbed unless palpably erroneous, Singley v. Land, 244 Ala. 692, 15 So.2d 564, and there was credible testimony the tendency of which was to establish that the mortgage was duly foreclosed in accordance with the power therein contained and deed executed to the West End Lumber Company, Inc., as purchaser.

Then, too, the execution of the deed was not essential to the vesting of title, the mortgagee having exercised the power of sale and become the purchaser as authorized in the mortgage. Ritter v. Moseley, 226 Ala. 648, 148 So. 143; Jackson v. Tribble, 156 Ala. 480, 47 So. 310.

And as for the contended irregularity of notice of sale, the mortgagor's right to avoid it should have been seasonably exercised and in the absence of special and unusual circumstances precluding such seasonable election to disaffirm, a delay of more than two years bars the right. Kelley Realty Co. v. McDavid, 211 Ala. 575, 100 So. 872; Sherrill v. Federal Land Bank, 244 Ala. 461, 14 So.2d 361; Ezzell v. Watson, 83 Ala. 120, 3 So. 309; Alexander v. Hill, 88 Ala. 487, 7 So. 238, 16 Am.St.Rep. 55; 37 Am.Jur. 149, § 176.

The trial court must also be sustained in decreeing an award to appellee Mary Penny (Gabriel's grantee) of compensation from the proceeds of sale for the reasonable value of the permanent improvements erected on the land by Alice Penny to the extent of the proportionate enhancement in the market value of the whole property.

The general rule obtaining in this jurisdiction is that compensation for improvements erected on the land will be allowed the improving cotenant only when he was without knowledge of any outstanding interest and, bona fide, believed himself to be the sole owner of the property. Gordon v. McLemore, 237 Ala. 270, 186 So. 470; Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A.L.R. 852; Chambers v. Hunton, 222 Ala. 482, 132 So. 713; Porter v. Henderson, 203 Ala. 312, 82 So. 668.

It is declared that under such circumstances, a court of equity, "on ascertaining that one cotenant in good faith has made valuable improvements on the property involved * * *, will determine the amount in which the premises then stand enhanced in value because of the improvements, and direct that out of the proceeds of the sale there shall be paid to the cotenant who made the valuable improvements (or to his grantee, warrantee, heirs at law, or devisees) the amount so determined to be equitable and just by reason of the enhanced value of the improvements, and the remainder or be divided among all the cotenants in proportion to the undivided interest held by each in the property." Porter v. Henderson, supra, 203 Ala. at page 321, 82 So. at page 677.

The same right of compensation on a sale for division of proceeds enures to the cotenant who improves the joint estate, knowing of the other outstanding interest, if the non-improving cotenant consents to the making of the improvements. Gordon v. McLemore, supra, 237 Ala. at page 273, 186 So. 470; 40 Am.Jur. 36, § 44. And this same right passes to such cotenant's "grantee, warrantee, heirs at law, or devisees." Porter v. Henderson, supra, 203 Ala. at page 321, 82 So. at page 677.

This latter principle applies to sustain the court in decreeing that out of the proceeds of the sale appellee, the successor in title to the improving cotenant, should be allowed compensation from the net proceeds of the sale for the value of the improvements placed there by Alice Penny, her predecessor in title, in proportion to the enhanced market value of the estate by reason thereof.

The decree of the trial court was in conformity with our view of the applicable principles of law and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

### On Rehearing

SIMPSON, Justice.

On further deliberate consideration we find reason to modify our original opinion sustaining that phase of the decree of the trial court awarding Mary Penny compensation for the permanent improvements placed on the property by Alice Penny, her predecessor in title.

First though, responding to the rehearing argument on other aspects of the case, we wish to note that in the original opinion, due account was taken of the effect of the amendments to the original bill which sought to enforce for the other Alice Penny children a right of contribution in an alleged redemption from the lumber company foreclosure, claimed to have been made by Gabriel Penny.

We think it clear enough under the evidence that no redemption was ever contemplated or undertaken by Gabriel, and the trial court correctly so found.

It is not necessary to treat of the possible circumstances under which the exercise of a right of redemption under § 727, Title 7, Code 1940 might have enured to the benefit of the other Alice Penny children had Gabriel effected such redemption, for the reason that the trial court held that no such status existed, but that a straight sale and purchase of the property was transacted between the lumber company and Gabriel. The evidence, substantial on this question, was ore tenus before said court and, under the rule of favorable presumption attending that decision, we sustained it on original submission and now reaffirm it.

Sullivan v. Parker, 228 Ala. 397, 153 So. 858, pressed upon us by appellant as having application, is manifestly without controlling influence and is distinguishable in that in that case the widow and minor children of the deceased owner of the property (consisting partly of their homestead) were tenants in common and on its face the deed there disclosed that the purchase by the widow was an exercise of the right of redemption afforded under 'the statute, thereby entitling the children to share in the fruits of such redemption.

In the case now under review no such circumstances existed and the relationship of the parties was entirely different. Here, during the lifetime of the then owner, Alice Penny, her son, Gabriel, made a direct and individual purchase of the property from the purchaser at the foreclosure sale to the exclusion of anyone else, to be defeated only if someone authorized should exercise the right under the statute to redeem. This he had a right to do and the recitals of the contract between the lumber company and Gabriel clearly indicated as much, and argument to the contrary is not sustained by the recorded facts.

On the question, however, as to whether Mary Penny should have been decreed to be entitled to benefits from the permanent improvements placed on the property by Alice, the evidence is not so convincing, nor does that issue appear to have been presented by the pleadings. This consideration deals with the respective equities of appellee, Mary Penny, and the heirs of Savannah Craig (appellants, too) brought in as complainants by amendment to the original bill.

In the foregoing opinion we pointed out that though a cotenant who improves the joint estate may know of another outstanding interest, a right of compensation on a sale for division of proceeds would enure to him if the non-improving cotenant consented to the making of the improvements. We think it in order to amplify this statement of the principle, for application to the case in hand.

The authorities generally concur that assent of the other cotenant to the improvement is not regarded as the basis upon which equity awards benefits to the improving cotenant (1 A.L.R. Note 1200, 1209). In this jurisdiction the general rule, now one of property, is rather strict and as predicate for an award of compensation on a sale for division, one essential is that the improver must have been without knowledge of any outstanding interest in the property. More then, than just the mere assent of the cotenant to the improvement would be necessary for an allowance of compensation on a division sale because, under circumstances, consent alone of the non-improving cotenant might not justify compensation, as where it is shown that the other cotenant gratuitously improved the property with an intention not to be

reimbursed or, perhaps, under an understanding with the other cotenant that remuneration for improvements would not be made or claimed. Consent, therefore, should be attended with some understanding, express or implied, that the improving cotenant would receive reimbursement in case of sale.

On a re-study of the record we have concluded that it was not sufficiently proven just what was the status of the transaction between Alice and her cotenants and hence, had she remained the owner, an award of compensation to her for improvements would not have been authorized under the evidence, and the appellee, Mary Penny, of course only succeeded to the rights of her said predecessor in title (Porter v. Henderson, supra), rendering the award to her likewise erroneous.

We have also reached the conclusion, though the point was not argued, that another principle militates against this phase of the decree. The decree denied complainants relief and purported to grant Mary Penny, cross-complainant, "the relief asked for in her cross-complaint as last amended." The cross-bill made no claim for these permanent improvements and prayed for no relief in regard thereto and to our minds an adjudication of such matters was not within the issues tendered by the pleadings.

On original submission, since the point was not argued, we gave slight consideration to the question, considering the award regarding the improvements to be a procedural matter incident to the main equities (Bean v. Northcutt, 240 Ala. 289, 199 So. 7) and subject to decree without special pleading, but, upon further consideration, it is concluded that for the decree to be well supported the cross-bill should have presented that issue so as to put the adverse party on notice of this special claim.

A bill in equity must set forth every material averment of fact necessary to the right of recovery (Jackson Realty Co. v. Yeatman, 219 Ala. 3, 6, 121 So. 415) and the awarding of this special relief was not within the scope of the pleadings, as framed.

That portion of the decree therefore awarding Mary Penny the value of the improvements was erroneous and is reversed and our former judgment of affirmance is so modified to the end that cross-complainant may, by appropriate amendment, tender such issue and offer proof in support thereof, if desired.

In all other respects the rehearing is denied and the decree stands affirmed.

Let the costs of appeal be taxed two-thirds against appellants and one-third against appellee.

Affirmed in part and in part reversed and remanded.

GARDNER C.J., and FOSTER and LAWSON, JJ., concur.