35 So.2d 686

### KELLY et al. v. KELLY et al.

6 Div. 705.

Supreme Court of Alabama.

June 3, 1948.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellants.

Harvey M. Emerson, of Birmingham, for appellees.

668

FOSTER, Justice.

This case comes here on appeal from a decree of the circuit court, in equity, dated February 14, 1948, sustaining the demurrer of defendants Oliver G. Dade and Ethel Mae Dade to the bill of complaint. There is only one assignment of error. That is as to that decree. Therefore, the only question is whether there was any ground of demurrer to the bill, which would be sufficient to support the decree.

 In passing on the question thus raised, the issue is sharply drawn, and the only matter which we can consider is what is alleged in the bill. When a bill refers to certain other specific matters of record now in this Court, as well as in the circuit court, and makes the same a part of the bill, we will so treat it. Otherwise, we will not.

There is much alleged in the bill as twice amended, which is not material in considering the demurrer addressed to it. Its purpose is to sell land for division between the heirs of Lawrence Kelly, deceased, and certain incidental relief in respect to the conflicting claims of interested parties. In the main, such conflict is alleged to be based on the following situation, as alleged in the bill as amended. By the bill we refer to it as it was when the demurrer was sustained, unless otherwise stated.

Lawrence Kelly died August 12, 1941, and left surviving brothers and sisters or their descendants as his heirs at law. There were four shares. The complainants, W. B. Kelly, Sarah Kelly Jones and Mary Petrie Kendrick, are alleged to own one such share of one-fourth, or each two-twentyfourths; J. W. Kelly one-fourth; Oliver G. Dade and Ethel Mae Dade acquired by deed through E. E. Kelly, a brother of deceased, one share of one-fourth or each three-twentyfourths; and the unknown heirs of a sister of deceased one-fourth. They are made parties by such designation, and have made no appearance.

The bill alleges that at the time of the death of Lawrence Kelly said real property was encumbered by a mortgage to R. C. Norris to secure a debt of $5000, dated June 17, 1936. That said mortgage was foreclosed on November 14, 1941, under power of sale, and said R. C. Norris became the purchaser. That on November 15, 1941, said E. E. Kelly, who was a tenant in common as an heir of said Lawrence Kelly before said foreclosure and also a lessee under lease from Lawrence Kelly, extending from March 1, 1937 to March 1, 1947, redeemed said premises by paying Norris $100, and giving a mortgage for $1975.68, payable monthly, and which was fully paid. That on December 2, 1941, E. E. Kelly conveyed said property to his son Charles H. Kelly; but E. E. Kelly continued to receive the rents and profits. That on November 7, 1944, the said Charles H. Kelly, conveyed to his father and the Dades, each an undivided one-half interest. But the said E. E. Kelly continued to receive the rents and profits. That said E. E. Kelly conveyed an undivided one-half interest in said property to Oliver G. Dade and Ethel Mae Dade July

12, 1946. On July 15, 1946, the Dades executed a mortgage to E. E. Kelly purporting to convey the entire premises as security for $10,000, and they were put in possession of said property by said Kelly, and they have continuously since then had possession and received and retained the rents of $2500 per month.

At the time of the death of Lawrence Kelly, E. E. Kelly was in possession of said property as a tenant of decedent, and remained in possession until he sold to the Dades, as stated above. That said tenancy was under a written lease as recorded in the probate office in volume 3252, page 467. That said lease was executed after the mortgage to Norris was made. A copy of it appears in this record on page 63, but it is not attached to the bill. It is for ten years, expiring March 1, 1947. Complainants allege that they have had no notice or knowledge of the assertion of an adverse claim on the part of any of the tenants in common.

They allege that they had no notice of said deeds from E. E. Kelly to his son and from the son to him and the Dades until after the filing of this bill; nor of the deed from E. E. Kelly to the Dades until April 26, 1944. That E. E. Kelly procured a foreclosure of the mortgage for the purpose of defeating or hindering the other heirs in the enjoyment and possession of said premises; that he paid Norris said sums, above named, out of the rents and profits received by him from said premises, and has made no requests of complainants for contribution; that said Charles H. Kelly and the Dades had notice of the nature of complainants' rights at the time of the execution of said deeds. That the Dades now exclude complainants from the use and possession of the property, and refuse to inform them of the amount of rents and profits received by them.

In addition to a prayer for the sale for division, they pray for an accounting and that the amount necessary for them to contribute in the matter of the redemption by said E. E. Kelly from said mortgage sale be ascertained; that the deed by E. E. Kelly to the Dades be set aside or reformed to convey the one-fourth interest of E. E. Kelly; that the mortgage by the Dades to E. E. Kelly be set aside or reformed to convey said one-fourth interest; and offer to do equity.

The appellees argue in support of the decree sustaining the demurrer of the Dades to the bill as a whole that the complainants did not offer to exercise their right to contribute to the purchase by E. E. Kelly from Norris, or its redemption as it may be the one or the other, within two years thereafter, and have not shown any equitable reason why their right to do so should be extended.

■ The original bill was filed June 25, 1947, in which complainants offer to do equity, and allege that they had no notice of the assertion of adverse claim by the respondents or of their deeds until after the filing of this bill. The record was not notice to them. Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526. They made no specific offer of contibution until the amendment filed December 18, 1947.

We take the bill to mean that at the time of the foreclosure of the mortgage on November 14, 1941, and at the time E. E. Kelly redeemed it, or purchased it, he was in possession under the written lease as tenant of Lawrence Kelly, extending to March 1, 1947, and that he remained in possession until he sold to the Dades July 12, 1946.

■ The death of Lawrence Kelly did not terminate the lease of E. E. Kelly, but, subject to the rights of the administrator (Harkins v. Pope, 10 Ala. 493), he became the tenant of his heirs, and that without attornment. Kellum v. Balkum, 93 Ala. 317, 9 So. 463; Doe ex dem. Mills and Hooper v. Clayton, 73 Ala. 359.

So that at the time of the redemption or purchase of the land by E. E. Kelly he was not only in the equitable status of a tenant in common, but was also a tenant of the coheirs under his lease from Lawrence Kelly, subject to the rights of the administrator. Kellum v. Balkum, supra; compare Smith's Ex'rs v. Wiley, 22 Ala. 396, 58 Am.Dec. 262.

■ So that E. E. Kelly occupied on November 15, 1941, a double status toward the other heirs. As a tenant in common his purchase on that day inured to their benefit, provided they offer to contribute, each re-

spectively, his proportionate share of the purchase price paid by E. E. Kelly, and that within a reasonable time thereafter, which is two years under ordinary circumstances, subject to be extended for good and sufficient cause. We cite a few of the late cases directly in point: Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Sullivan v. Parker, 228 Ala. 397, 153 So. 858; Id., 234 Ala. 178, 174 So. 608; Bailey v. Bond, 237 Ala. 59, 185 So. 411; Salter v. Odom, 240 Ala. 462, 199 So. 687; Savage v. Bradley, 149 Ala. 169, 43 So. 23, 123 Am.St.Rep. 30; Penny v. Penny, 247 Ala. 434, 24 So.2d 912. And E. E. Kelly was also prima facie tenant of the other heirs as successors of Lawrence Kelly, deceased.

As tenant in possession under the lease, he cannot dispute the title of his landlord as it was at the time of the execution of his lease. And if he purchases a title or interest which was outstanding at the time he became a tenant, he cannot assert it against his landlord as long as he remains in possession. He must first surrender possession and then he may assert it. Norwood v. Kirby, 70 Ala. 397. And when he acquires an outstanding title, the presumption is that it is to protect his possession under his lease, and it is subject to the right of the landlord to reimburse him for his outlay to be exercised within two years after notice of such purchase; but that limitation does not begin to run until after the surrender of possession by the tenant. Childress v Smith, 227 Ala. 435, 150 So. 334; Brunson v. Bailey, 245 Ala. 102, 16 So.2d 9.

The duty to offer contribution to E. E. Kelly or his successors by the other cotenants and coheirs may be exercised by them under principles of law most favorable to them. They have a right to pursue the course open to a landlord when a tenant has acquired a superior outstanding title, which is also superior to their status as cotenants. As a cotenant their duty cannot be separated from their status as landlord. The term of E. E. Kelly under the lease did not expire until March 1, 1947. His conveyance to the Dades July 12, 1946, and surrender of possession to them at that time was not a surrender of possession to the landlord by E. E. Kelly.

Complainants contend that because E. E. Kelly collected enough rents and profits from the use of the property, consisting of a tourist camp with many cabins, as alleged in the bill, he is not entitled to contribution to the extent that such rents and profits were so used. In support of that contention they rely on the second appeal of Sullivan v. Parker, supra. In that case the redemption by the widow was effected "with property belonging to the estate as well as earnings and labor of the children." The property of the estate was a mule which was sold. The balance was from the joint earnings of the widow and the children. But the rents and profits obtained by the purchaser at a foreclosure sale or his vendee do not belong to the estate of the mortgagor nor to his heirs as cotenants. He is the absolute owner entitled to enjoy the rents and profits and not liable for waste until the requirements for a redemption have been complied with. Goodwin v. Donohue, 229 Ala. 66, 155 So. 587.

And so if a cotenant redeems he is the owner of the rents and profits until due and proper steps have been taken by the other cotenants to participate in the redemption. The redemption was on account of E. E. Kelly alone, and not for the other cotenants unless and until they took steps to be let in. Bailey v. Bond, 237 Ala. 59, 185 So. 411.

Another reason why the rents and profits so received by E. E. Kelly were his personal effects is that he was still a tenant occupying the property under his lease. The landlord was only entitled to the stipulated rent. The heirs inherited that status. So that they can claim only the unpaid rent as a credit on the amount paid by E. E. Kelly to effect redemption.

The bill has equity to enforce the claim of complainants to contribute and be let into the benefits of the redemption effected by E. E. Kelly, and since the bill alleges that the Dades had notice of that claim, it rebuts an inference of an innocent purchaser. It is not subject to demurrer for laches or staleness considered in the light of the foregoing discussion. Caldwell v. Caldwell, 173 Ala. 216, 55 So. 515.

Up to this point we have treated as complainants W. B. Kelly, Sarah Kelly Jones

and Mary Petrie Kendrick, to whom we have referred as complainants. But the bill as amended makes Robert C. Garrison as administrator de bonis non of the estate of Lawrence Kelly, a party complainant, showing that the estate is being administered in the circuit court, in equity. He, as such administrator, alleges the existence of a large amount of debts filed against the estate, and that he is entitled to intercept, receive and retain the rents and profits derived from said premises, and to the possession of the land. He, as such administrator, separately prays that he be empowered to intercept the net proceeds of any sale which may be effected in this proceeding, and that the land be sold free of the claim of creditors, and that the net proceeds be retained by him pending final settlement. He does not seek as administrator to exercise the right as landlord to reimburse E. E. Kelly in the matter of his outlay and get the benefit of it.

Rule 67, Equity Practice, Code 1940, Tit. 7 Appendix, section 6645, Code of 1923, relieves certain stringencies insofar as the relief that may be granted to some, but not all complainants. But that does not make a bill free from demurrer for adding as complainants parties who are not united in interest in the relief sought. Cunliff v McPherson, 233 Ala. 513, 172 So. 597. Those who are united in interest must be joined as complainants or respondents, respectively. Alabama Home Building & Loan Ass'n v. Amos, 233 Ala. 367, 172 So. 102.

As we have shown, when Lawrence Kelly died during the term of his lease to E. E. Kelly, his rights as landlord prima facie descended to his heirs and they became the landlord. But under our statutes the administrator may if advisable intervene, and by taking the necessary steps become the landlord, and collect the rents. Kellum v. Balkum, supra; Harkins v. Pope, 10 Ala. 493, 499; sections 242, 243, Title 61, Code.

The administrator seeking to collect the rents payable under the lease of E. E. Kelly is in a position which is hostile to that of the other complainants as coheirs of Lawrence Kelly, claiming that in aid of their effort to participate in his redemption the amount of rents due by E. E. Kelly under his lease should be applied to reimburse him pro tanto for his outlay in redeeming. So that the administrator, and the other complainants as coheirs, are not united in the relief sought, and should not be joined as complainants. But the administrator is a proper party and his claim to the funds should be asserted as a defendant by crossbill. But since no ground of demurrer takes that point, the decree sustaining the demurrer cannot be supported by reason of that status.

If the administrator has duly asserted his right to intercept the rent under the statute, he as such, and thereby as landlord, could obtain from E. E. Kelly the right he acquired on redemption by repaying to him in due time the amount of his outlay. The administrator has not offered to do this. Such a claim by the administrator for the estate should be set up separately, more properly in a crossbill offering to reimburse E. E. Kelly or his successors in the amount he paid on redemption, less the amount of the stipulated rent payable under the lease. But that relief is what the cotenants, who are complainants, are also seeking to do for themselves personally. If they succeed, it will have the effect of investing in them joint tenancy with E. E. Kelly or his successors, free from the claims of the administrator or the creditors of the estate.

We think the demurrers of the Dades should have been overruled. It is so ordered.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.